ANNA L. RAMSEY, Appellee, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY ET AL., Appellants.

**Negligence:** INSTRUCTION. An instruction in an action for the negligent collision of a street car with a coach causing plaintiff's injuries, which authorizes à finding of both joint and separate negligence without definition or limitation is erroneous, where there is no issue as to joint negligence.

**Negligence:** GENERAL AND SPECIFIC AVERMENTS. A general allegation of joint negligence is controlled by the averment of specific acts of negligence on the part of one of the parties.

**Negligence:** INSTRUCTION. The court in its instructions should confine the consideration of negligence to the facts as disclosed by the evidence; and where the only negligence disclosed, if any, was in failing to stop a street car in time to have avoided the accident, by use of the emergency rather than the ordinary brake, the question for the jury was whether the motorman acted in the emergency as a reasonably prudent person, and not whether he used every appliance at hand to make the stop.

*Appeal from Linn District Court.*— HON. W. G. THOMPSON, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION at law to recover for a personal injury. From a verdict and judgment in favor of plaintiff, defendants appeal.— *Reversed.*

*W. G. Clark* and *W. E. Steele,* for appellant.

*Chas. W. Bingham,* for appellee.

BISHOP, J.— The circumstances out of which grew the accident and injury of which complaint is made may be sufficiently stated for present purposes thus: On October 6, 1905, plaintiff entered a hack or carry-all, controlled and operated by A. B. Backus and Samuel Kennedy, for the purpose of being transported from one point to another in the city of Cedar Rapids. On the way the driver of the hack attempted to cross the street in a diagonal direction, and this necessitated crossing over the track of the defendant railway company. Before the hack cleared the track, it was struck by an approaching motor car, with the result that plaintiff's arm was caught between the framework of the hack and the car, and severely injured. The action was brought against both Backus and Kennedy and the railway company, and the petition declares " that said accident was caused solely by the joint and concurrent negligence of defendants and their employés." This declaration is followed by allegations of specific acts of negligence charged against each. Thus, as to the railway company, it is said that it was negligent in three particulars: " In permitting passengers to crowd into the front vestibule of said car, and to interfere with the motorman in running and in stopping said car; in neglecting to sound the gong or to give any warning while approaching said hack; in failing to stop said car

before the collision "— while as to the individual defend-
ants, Backus and Kennedy, it is said that they were negli-
gent, " in that they drove the hack upon and endeavored to
cross the railway tracks when they knew or should have
known that it was dangerous on account of the near approach
of the car; that they did not whip up their horses and hurry
across the track when they saw the car approaching; that
they permited too many persons to crowd into the hack and
on the driver's seat outside." The defendants answered sep-
arately, each, in effect, denying generally. The trial re-
sulted in a joint verdict and judgment, from which separate
appeals were taken. The defendant, Backus and Kennedy,
have not seen fit to prosecute their appeal, however, and we
shall give no attention thereto.

I. The appellant company complains of the second in-
struction given by the court on its own motion. The in-
struction reads as follows: " If you are satisfied from the
evidence that the injury complained of by
plaintiff was caused by the negligent acts of
defendants jointly committed, and you are satisfied from
said evidence that defendants the railway company and the
defendants Backus and Kennedy were also guilty of negli-
gence, and that the joint and concurrent negligence of de-
fendants caused a collision of the hack and the car, and
which collision caused the injury complained of by plaintiff,
.  .  .  you will then be warranted in finding for plaintiff,"
etc.

1. NEGLIGENCE: instruction.

That some of the grounds of complaint lodged against
this instruction are well taken becomes apparent on barest
reading. Especially is this true when it is considered that
in no other instruction — save what was said in the fourth
instruction, presently to be considered — was there any at-
tempt made to advise the jury in what respects and to what
degree the defendant company owed a duty to plaintiff, or,
as to the consequences of a failure of duty on its part. Re-
duced to a few words, this seems to be the gist of the instruc-

tion: If found that the defendants were jointly negligent, and were also separately negligent, and that the joint and concurrent negligence brought about the accident and injury, then plaintiff would be entitled to recover. Just what was meant by this is not readily discernible. And we shall not go very far in the way of an attempt at analysis. If the instruction is to be taken according to its literal reading, and we think the jury must have understood it that way if they understood it at all, it was not only faulty in law, but altogether inapplicable to the case as made under the pleadings and proof. It may be conceded that the instruction imposed a severe hardship on plaintiff, but as to defendant it amounted to a roving commission to explore the evidence, and, without being hampered by any definitions or limitations, authorized a finding of negligence, joint and separate, in what and where the jury would. This alone is sufficient to call for its condemnation.

It may be added, however, that the case presented nothing having resemblance to joint negligence. True, plaintiff alleged joint negligence in general terms, but this was con-

2. NEGLIGENCE: general and specific averments.

trolled by the averment of the specific acts of negligence which followed. And the specific acts were such in character as to forbid any idea of joinder, except on the theory that the accident was brought about willfully and as the result of concerted action. And no such accusation was suggested in pleading or evidence. So, too, while joint tort-feasors may be held jointly and severally liable, it is hardly conceivable that there should be such a thing as tort at once joint and separate. But, if such anomalous condition were possible, it is not presented by this record. Summing up the whole matter, it is clear that defendant was entitled to have the case presented to the jury on the basis of the specific negligence charged against it; and contained in the instruction should have been words of definition and limitation marking its duty in the premises, by following which the jury might intelligently inquire

whether there had been a failure in respect of such duty. As this was not accorded to it, there was prejudicial error. *Gorman v. Railway,* 78 Iowa, 518. And this thought is given added emphasis when it is called to mind that some of the witnesses to the accident testified that the car was stopped before coming in contact with the hack; that it was then started forward again by the motorman and this resulted in the accident.

II. Complaint is also made of the fourth instruction. It reads as follows:

> You are instructed that the street car company is not bound to assume that any person will attempt to cross its track when the car is running and operating on its track is being run near a team standing near said track, but you are instructed if you are satisfied from said evidence that defendant saw the team on said track, or by the use of due and reasonable care and diligence might or could have seen the team on the track, in a dangerous position, it was the duty of the defendant company to use all the appliances at its command and use by it and its employés to prevent the collision and prevent injury to the team and hack, and, if said evidence satisfies you that the defendant company did so, you will then be warranted in finding it was not guilty of negligence. But if the evidence does not so satisfy you, but are satisfied that it failed to so use the said means to prevent said collision, and could have prevented the collision, you will be warranted in finding for plaintiff, etc.

It is complained of this instruction that it was conflicting, misleading, and, in a material respect, faulty in law. It will be remembered that negligence was not charged as of the

3. NEGLIGENCE: instruction. speed at which the car was being operated, nor in respect of the equipment of the car; and it is to be said that the evidence shows conclusively that the driver of the hack saw the car coming when he started to drive across the track. He testified that some persons were standing by the track, and that he supposed the car would stop and take them on, thus giving him time to make the

crossing. The motorman who was in charge of the car testified that he saw the hack when it started to cross the street. From this it becomes apparent that the negligence of defendant, if any there was, was in failing to make a timely stop of the car. In respect of what was done to effect a stop, the motorman testified that, as the most effective method, he used the emergency stop — a stop brought about by a reversal of the electric current — instead of the brake ordinarily used. And this evidence stands in the record uncontradicted.

Now, it is the rule of all our cases, and we need not cite them, that the test of negligence is a failure to use reasonable and ordinary care in view of the known conditions existing in the particular case. Accordingly, as we think, the instruction under consideration should have confined the attention of the jury to the question whether or not in the exercise of such care the car in question could have been stopped soon enough to have avoided the accident. It was not the equivalent of this to tell the jury in effect that it was the duty of the motorman to use every appliance at hand, and that, if he failed in this, the defendant was negligent. The jury might well have found that the use of one appliance was more effective than the other, or, indeed, that an attempt to use all in conjunction would have been less effective than the use of but one. The motorman was called upon to act in an emergency, and after all, the question is: Did he act under the circumstances as a reasonably prudent person? As this thought was not presented to the jury as a guide to reaching a conclusion, there was error.

Other errors are assigned; but, as they are not likely to arise upon a further trial of the case, we need not discuss them. It follows that a new trial must be, and it is ordered. — *Reversed*.