[Civil No. 2171. Filed October 6, 1924.]

[229 Pac. 101.]

LAURA WHITE, Administrator of the Estate of WILLIAM R. WHITE, Deceased, Appellant, v. ARIZONA EASTERN RAILROAD COMPANY, a Corporation; UNION AUTO TRANSPORTATION COMPANY, a Corporation; LIGHTNING DELIVERY COMPANY, a Corporation, and J. A. HORTON, Appellees.

ACTION—NEGLIGENCE OF OWNER OF DEFECTIVE TRUCK AND OF RAILROAD MAINTAINING OBSCURED CROSSING HELD NOT JOINT.—Employer's negligence in furnishing employee with defectively equipped truck, and requiring him to work while worn out and exhausted, and that of railroad company in permitting its right of way to become obstructed with trees and shrubbery, were not joint or concurrent, rendering them jointly and severally liable for employee's death in collision of truck and train at obstructed crossing, a community of purpose or wrong being necessary to give rise to joint liability.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Judgment reversed.

Messrs. Cox & Moore, for Appellant.

Mr. Charles L. Rawlins and Mr. G. P. Bullard, for Appellee Arizona Eastern Railroad Company.

Mr. Richard E. Sloan, Mr. C. R. Holton and Mr. Greig Scott, for Appellee Union Auto Transportation Company.

Messrs. Clark & Clark, for Appellee Lightning Delivery Company.

Joint liability for injury to third person or damage to his property due to concurring negligence of drivers of automobiles, see note in 16 A. L. R. 465. See, also, 26 R. C. L. 766.

See 29 Cyc. 488; 38 Cyc. 488.

Messrs. Barnum & Flanigan, for Appellee J. A. Norton.

ROSS, J.—This is an action for damages for death. The facts necessary for a decision of the questions involved, taken from the complaint, are as follows: The plaintiff's intestate, a truck driver in the employ of the Union Auto Transportation Company, Lightning Delivery Company, and J. A. Horton, who together, it is alleged, were operating a freight stage line by means of gasoline trucks, was on July 27, 1922, driving one of said trucks when it and a locomotive engine belonging to the defendant Arizona Eastern Railroad Company, and moving on its track between Globe and Maimi at what is known as Kaiser Crossing, collided, almost instantly killing plaintiff's intestate. It is alleged the accident was caused by the negligence of the intestate's employers and the defendant railroad company in the following manner: That the truck deceased was driving was equipped and provided with insecure and insufficient brakes to enable deceased properly to control and stop same; that the condition of the brakes rendered truck unsafe for the purposes for which it was intended, and that previous to the accident the deceased's employers had negligently and oppressively required deceased to work continuously and long hours, without sufficient, or any, sleep or rest; that he was overtired, and by reason thereof and because of the condition of brakes was unable to properly operate truck in the highly dangerous situation in which he was placed by the negligence of defendant railroad company; that there were green trees at or near the railroad crossing which partially obstructed the view of approaching locomotive, and that defendant railroad company's servants in charge of the locomotive failed to blow the whistle or to give any

other adequate warning, and that by reason of such inadequate warning, the partial obstruction caused by the green trees, the tired and worn-out condition of deceased, and the insufficient and unsafe brakes on truck, there was a collision between the truck and the locomotive.

We will refer to the employers of the deceased as the "stage line" defendants in contradistinction to the railroad defendant. The three corporation defendants filed separate pleas in abatement, but in the same words, setting forth that the complaint showed on its face a misjoinder of parties defendant. Horton, the other defendant, raised the same question by demurrer. The demurrer and pleas were sustained, and the complaint dismissed. From the judgment of dismissal the appeal is taken.

The contention of appellant is that the facts set out in the complaint do not show a misjoinder of parties defendant, but on the contrary show that decedent came to his death by the joint or concurrent negligence of the "stage line" defendants (his employers) and the railroad company, and that therefore the defendants are jointly and severally responsible for the injury.

We think beyond question the complaint shows the accident in which deceased met his death was the result of two separate, distinct, and independent causes, one being a faulty brake and a debilitated physical and mental condition, due to overwork and lack of sleep, for which his employers were responsible, and the other the negligence of the railroad company. These causes not only have different sources, but do not coincide in time or place. The act or omission of the "stage line" defendants, as set forth in the complaint, antedates the accident some time. Their act consisted in turning over to a worn-out and exhausted employee the truck without suffi-

cient brakes at a time prior to the collision, and in which act the other defendant (the railroad company) had and took no part, and could by no principle of law we are familiar with be responsible for. Likewise the "stage line" defendants could not be charged with the negligence of the railroad company in permitting its right of way at crossing to become obstructed by brush or trees, and in its failure to ring bell or adequately warn at crossing. These acts and omissions of duty were personal to the defendant railroad company and no one else. The negligences laid at the door of these separate defendants as the bases of a claim for damages sustained in the accident described were not current or joint, but separate, distinct, and independent of each other.

Because unconnected, unrelated acts of different persons or corporations accidentally or fortuitously may have influenced an injury and damage, it does not necessarily follow that such persons or corporations are joint tort-feasors. If A. beats C., and B., while C. is wounded and worn from such beating, acting independently of A., administers another beating to C., from which he dies, A. and B. are not joint tort-feasors and jointly liable for C's death, although C. might not have died had B. not beaten him. There must exist some community of purpose or wrong or fault to give rise to joint liability. This we think is the settled rule. To constitute a joint tort the wrong must be joint. A tort may be committed by one person or by several, but the tort is always single. The general rule on this point we think is very well stated in *Dickson* v. *Yates,* 194 Iowa, 910, 917, 188 N. W. 948, loc. cit. 951, wherein it is said:

"Only when two or more persons act in concert of action to commit a common tort are they joint tort-feasors. If the tort of two or more parties is several when committed, it does not become joint by reason of

the union of the consequences of the several torts in producing an injury. . . .

"Although joint tort-feasors are jointly and severally liable, it is hard to conceive a tort 'at once joint and separate.' *Ramsey* v. *C. R. & M. Ry. Co. et al.*, 135 Iowa, 329, 112 N. W. 798. When two or more parties act each for himself in producing a result injurious to the plaintiff, they are not jointly liable. . . .

"There must be concurrent action, a co-operation or concert in the accomplishment by the wrongdoers of the particular wrong in order to make them jointly liable. If each person acts independently of the other the fact that they acted simultaneously is not sufficient to establish joint liability. . . . "

The appellant claims the facts of this case take it out of the general rule and place it within the rule announced in *Cuddy* v. *Horn,* 46 Mich. 596, 41 Am. Rep. 178, 10 N. W. 32. We do not think so. That was a case wherein plaintiff was drowned, while a passenger on the boat "Mamie," by collision with the boat "Garland"; it appearing that the employees operating both of said boats were at the time guilty of negligence. In holding that the plaintiff might sue the owners of the boats jointly, the court employed this language, which, as applied to the facts of the case, is a correct statement of law:

"An act wrongfully done 'by the joint agency or co-operation of several persons will render them liable jointly or severally The injury done in this case resulted from a collision caused by the contemporaneous act of two separate wrongdoers, who, though not acting in concert, yet by their simultaneous wrongful acts put in motion the agencies which together caused a single injury. And for this the injured party could receive but a single compensation. It is the fact that they all united in the wrongful act, or set on foot or put in motion the agency by which it was committed, that rendered them jointly liable to the person injured. Whether the act was done by the procurement of one person or of many, and if by many, whether they acted with a common

purpose or design in which they all shared, or from
separate and distinct motives and without any knowl-
edge of the intention of each other, the nature of the
injury is not in any degree changed or the damages
increased which the injured party has a right to re-
ceive.''

It will be noticed that the negligence charged was
not only concurrent, but contemporaneous and simulta-
neous.   The wrongs of defendants coincide in time
and place and character.   The court cites and follows
*Colgrove* v. *New York & N. H. R. R.,* 20 N. Y. 492, 75
Am. Dec. 418, where it was held that a passenger in-
jured by a collision resulting from the concurrent
negligence of two railroad corporations could main-
tain a joint action against them, and *Cooper* v. *E. T.
Co.,* 75 N. Y. 116, where death resulted from a colli-
sion by two vessels, and an action against both was
maintained.   As applied to the facts of these cases
the rule is founded in reason and common sense, and
is practical in its results.   Indeed, it is by virtue of
this rule that courts permit an injured party in an
automobile accident, where it is doubtful who is to
blame for collision, to join the owners of both ma-
chines in one action.   *Miller* v. *Weck,* 186 Ky. 552,
217 S. W. 905; *Carlton* v. *Boudar,* 118 Va. 521, 4
A. L. R. 1480, 88 S. E. 174; *Hitchins* v. *Wilson,* 68 Pa.
Super. Ct. 366.

In cases of this kind it seems common duty, common
design, or concert of action between the wrongdoers
is not essential.   The rule is largely one of expedi-
ency, adopted by the courts because of the great diffi-
culty the injured party has in proving which of the
colliding machines, where both are not at fault, is the
innocent one; the effort always being when the ques-
tion is on trial for each to shift the responsibility to
the other.

Liability of racing automobilists on public highways,
for injuries caused by any one of them, is governed

by the same principle. *Reader* v. *Ottis*, 147 Minn. 335, 16 A. L. R. 463, 180 N. W. 117. (See note where cases are collected.)

Appellant cites as sustaining his contention of a joint liability *Crandall* v. *Consolidated Telephone Co.*, 14 Ariz. 322, 127 Pac. 994, *Mesa City* v. *Lesueur*, 21 Ariz. 532, 190 Pac. 573, and *City of Douglas* v. *Burden*, 24 Ariz. 95, 206 Pac. 1085. In these cases the question we are considering was not involved, and, of course, was not decided, and any expressions purporting to decide it were mere *dicta*. The question in each of such cases was as to whether the cause of injury relied upon was the proximate cause; it being contended in each case that the injury arose from a cause or causes for which defendant was not responsible.

The ruling of the court on pleas of abatement and demurrer was right, but we think appellant ought to be given an opportunity to amend her complaint, and proceed against one of the defendants, if she be so advised. *Goodman* v. *Coal Tp.*, 206 Pa. 621, 56 Atl. 65.

The case is remanded, with directions that proceedings be had accordingly.

McALISTER, C. J., and LYMAN, J., concur.