418 P.2d 584

Robert E. **HOLTZ** and Cynthia Ann Holtz,
his wife, Appellants,

v.

James E. **HOLDER** and Carnation Company, Appellees.

No. 7880.

Supreme Court of Arizona,
In Banc.

Sept. 28, 1966.

248

Johnston & Gillenwater, and Joseph C. Meier, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, for appellee James E. Holder.

Jennings, Strouss, Salmon & Trask, and Chas. R. Esser, Phoenix, for appellee Carnation Co.

UDALL, Justice.

Plaintiffs Robert E. Holtz and Cynthia A. Holtz bring this appeal from a jury award of a general verdict, rendered in favor of defendants James E. Holder and Carnation Company in a motor vehicle action, in which it is alleged that plaintiff Cynthia A. Holtz was injured as a result of the negligence of the two defendants.

On February 6, 1960, Cynthia A. Holtz was driving north on 24th Street in the city of Phoenix. She stopped for a red light, in the lane nearest the center line, at the intersection of 24th Street and Thomas Road. Defendant James E. Holder also stopped for the light in the lane immediately to the right of the plaintiff. At a short distance across the intersection, the right lane of 24th Street was partially blocked by piles of dirt, which had been placed there by a construction crew that was installing a water line along the east edge of 24th Street, thus causing the street to narrow to a single lane of traffic on the left, nearest the center line. When the light changed to green, Cynthia Holtz and James Holder both started north on 24th, but as a result of the narrowing of the street at the point of construction, there was not enough room for both cars to travel abreast, and a collision occurred between the two vehicles.

As a result of the collision the automobile driven by the plaintiff was forced in a westerly direction across the center line of 24th Street and into a pickup truck, which was facing south on 24th and was stopped in a line of cars which had been waiting for the light to change. Following the impact with the truck, plaintiff's vehicle came to rest in a crosswise direction across the lane in which she had been driving.

Plaintiff remained in her automobile after it came to a stop, and some five or ten minutes later a milk truck owned by defendant Carnation Company and being driven by one of its employees, turned north onto 24th Street from Thomas Road. As the driver of the truck approached the vehicle occupied by plaintiff, he became aware that there was little room for his truck to pass. He slowed down and proceeded to pass on the right, driving over a mound of dirt. In some manner, not clearly established by the evidence, the truck struck the car of the plaintiff before the passing maneuver was completed.

In the lower court plaintiff sought recovery for injuries allegedly received due to the negligent operation of their vehicles by defendants Holder and Carnation. Defendant Holder alleged that plaintiff had been contributorily negligent, and defendant Carnation Company generally denied plaintiff's allegation of negligence.

In the subsequent trial before a jury, an issue arose concerning the extent of injuries received in the separate collisions. Plaintiff offered testimony of her doctor to the effect it was medically impossible to determine which impact caused which in-

juries, or whether one or the other of the collisions caused all the injuries, and that the only way to tell would have been by an examination of the plaintiff immediately after the first collision with the vehicle driven by Holder. As the case went to the jury, the evidence was in sharp conflict on the following issues: (1) was Holder negligent in the operation of his vehicle, (2) as between plaintiff and defendant Holder, had plaintiff been contributorily negligent in the operation of her car, (3) was the employee of defendant Carnation Company negligent in operating the truck, (4) were the injuries received by the plaintiff caused wholly or partially by the impact with the Holder automobile, (5) were plaintiff's injuries received wholly or partly as a result of the impact of her car with the Carnation truck?

On this appeal from a general verdict in favor of both defendants, plaintiff assigns as error the giving of two instructions and the failure to give two others.

The first instruction complained of was given on behalf of defendant Holder and reads as follows:

"You are instructed that as a matter of law defendant Carnation Company is not responsible for the injuries, if any, sustained by the plaintiff as a result of the impact between the Holder Ford and plaintiff's Buick, or the plaintiff's Buick and the Chevrolet pickup. You are further instructed that as a matter of law defendant Holder is not responsible for the injuries, if any, sustained by the plaintiff as a result of the impact between plaintiff's Buick and the Carnation milk truck. You are instructed where the evidence shows an injury may have resulted from one of two causes, but only one can be attributed to a defendant's negligence, the plaintiff cannot recover from that defendant."

The second allegedly erroneous instruction was given on behalf of defendant Carnation Company as follows:

"You are further instructed the law of this state is when the plaintiff's injuries and damages have been a proximate result of one of several causes, but only one of such causes can be attributed to the negligence, if any, of the defendant Carnation Company, the plaintiff cannot recover. You are further instructed that if you find from the evidence that the personal injuries if any, suffered by the plaintiff Cynthia Holtz may have been the proximate result of the prior accident in which the defendant Carnation Company was not involved, or if you cannot determine from the evidence whether any injuries may have been received by the plaintiff Cynthia Holtz existed prior to the accident with the Carnation Company truck, then in either of such events, the plaintiff cannot recover and your verdict must be for the defendant Carnation Company."

Plaintiff claims that the above instructions incorrectly state the law in a case where a plaintiff is unable to prove which defendant caused which injuries or whether all were caused by one defendant or the other. Plaintiff argues that her requested instructions No. 6 and No. 9, which were refused, contain a correct statement of the law applicable to such cases. Since we think that instruction No. 6 merely repeats the legal principles stated in No. 9, we will consider only the latter instruction. It reads as follows:

"You are instructed * * * that if you find from the evidence that the defendant Holder was negligent, and that the defendant Carnation Milk Company was also negligent, and if you further find that the plaintiff's injuries were the proximate result of the negligence of both of the defendants, then it is your duty to apportion the total amount of damages suffered by the plaintiff between these defendants, rendering your verdict against each defendant in the amount of damages that you feel each defendant caused the plaintiff, however, if from the facts of this case you feel that there is no reasonable basis upon which to apportion the damage among

the defendants, then it is your duty to award plaintiffs a verdict for the full amount of their damages against the defendants and each of them."

In view of the errors alleged with regard to the above instructions, the precise question raised on this appeal is whether two or more independent tortfeasors may be held to a joint and several liability for the entire damages or injuries suffered by the plaintiff, because of the indivisibility of the harm caused by the separate acts of negligence; or whether the negligent actors will escape liability altogether, on an application of the general rule that an independent tortfeasor is liable only for the harm caused by his act, and that a plaintiff must carry the burden of proving the extent of damage or injury caused by each tortfeasor.

The majority of courts which have been confronted with this question have found that the two or more tortfeasors involved could be held to a joint and several liability, under a theory which has come to be known as the "single injury" or "single, indivisible injury" rule (discussed infra). However, in deciding whether we should adopt the rule, we must first consider what effect the case of White v. Arizona Eastern R. Co., 26 Ariz. 590, 229 P. 101, has on the matter. Apparently neither the plaintiffs nor the defendants were aware of the White case, for it has not been argued on this appeal. Nevertheless, it is pertinent because of its general statement of the law governing joint liability of tortfeasors seems to preclude plaintiff from a joint recovery, even if she would be entitled to recover the full amount of damages from each defendant separately. In the White case, this Court held:

"Because unconnected, unrelated acts of different persons or corporations accidentally or fortuitously may have influenced an injury and damage, it does not necessarily follow that such persons or corporations are joint tort-feasors. * * * To constitute a joint tort the wrong must be joint. A tort may be committed by one person or by several,

but the tort is always single. The general rule on this point we think is very well stated in Dickson v. Yates, 194 Iowa, 910, 917, 188 N.W. 948, loc. cit. 951 [27 A.L.R. 533], wherein it is said:

'Only when two or more persons act in concert of action to commit a common tort are they joint tort-feasors. If the tort of two or more parties is several when committed, it does not become joint by reason of the union of the consequences of the several torts in producing an injury. * * *

'Although joint tort-feasors are jointly and severally liable, it is hard to conceive a tort "at once joint and separate." Ramsey v. C. R. & M. Ry. Co. et. al., 135 Iowa, 329, 112 N.W. 798. When two or more parties act each for himself in producing a result injurious to the plaintiff, they are not jointly liable. * * *

'There must be concurrent action, a co-operation or concert in the accomplishment by the wrongdoers of the particular wrong in order to make them jointly liable. If each person acts independently of the other the fact that they acted simultaneously is not sufficient to establish joint liability. * * *' "

Thus it appears that this Court has adhered to the proposition that unless the negligent acts of two or more defendants are joint, by reason of a concert or concurrence of action, there is no joint liability.

It will be noted that in the White case this Court referred to the Iowa case of Dickson v. Yates for its statement of the general rule that only a joint tort can result in joint liability for the entire amount of the damages. But it must also be noted that Iowa is one of the many jurisdictions which has adopted the "single injury" or "single, indivisible injury" rule, as the one applicable to the multiple collision, indivisible injury situation, and has, in such cases, permitted a joint and several recovery against independently acting tortfeasors. In 1961, in Ruud v. Grimm, 252 Iowa 1266,

110 N.W.2d 321, at 324, the Supreme Court of Iowa approved the "single injury" rule and stated it as follows, without reference to Dickson v. Yates:

> "We believe the answer to all of appellant's contentions and the correct rule of liability in consecutive collision cases is expressed in the following cases. * * The rule is, whether two or more persons acting independently are guilty of consecutive acts of negligence closely related in point of time, and cause damage to another under circumstances where the damage is indivisible, i. e., it is not reasonably possible to make a division of the damage caused by the separate acts of negligence, the negligent actors are jointly and severally liable. The damage is indivisible when the triers of fact decide that they cannot make a division or apportionment thereof among the negligent actors."

On this appeal, plaintiff urges this Court to adopt the "single injury" rule, with its resulting imposition of joint and several liability upon independent tortfeasors. The weight of well reasoned authority supports the rule. Summers v. Tice, 33 Cal.2d 80, 199 P.2d 1, 5 A.L.R.2d 91; Copley v. Putter, 93 Cal.App.2d 453, 207 P.2d 876; Murphy v. Taxicabs of Louisville Inc., Ky. 1959, 330 S.W.2d 395; Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33, 100 A.L.R.2d 1; Mason v. Reynolds, 135 Neb. 773, 284 N.W. 257; 65 C.J.S. Negligence § 102; Prosser, Torts (3rd ed. 1964) 250; Restatement (Second), Torts § 433(A) (i) (1965).

■ The "single injury" rule is based on the proposition that it is more desirable, as a matter of policy, for an injured and innocent plaintiff to recover his entire damages jointly and severally from independent tortfeasors, one of whom may have to pay more than his just share, than it is to let two or more wrongdoers escape liability altogether, simply because the plaintiff cannot carry the impossible burden of proving the respective shares of causation or because the tortfeasors have not committed a

joint tort. We are in agreement with this proposition, and consequently, we adopt the "single injury" rule as the correct one to be applied in multiple collision, indivisible injury cases.

■ In adopting the rule, we are not overruling the White case in its holding that a joint tort, as defined in that case, results in a joint and several liability. But we do modify it to the effect that a joint and several liability may also be imposed upon two or more negligent actors, notwithstanding that their tort is not a joint one in a multiple collision case, where their acts occur closely in time and place and the result is such that the injured party suffers damages or injuries which the trier of the facts determines to be unapportionable between or among the several tortfeasors.

■ Plaintiff's instruction No. 9, which would be a proper instruction in cases of this type, clearly illustrates that the imposition of joint and several liability necessarily presupposes a finding that the conduct of the defendants was negligent. Since the jury returned a general verdict for the defendants in this case, it is possible that they did so on a finding that neither of the defendants was negligent. But it is also possible, in view of the sharp conflict in the evidence on the issue of negligence, that the jury found both defendants negligent, but, because of the erroneous instructions on the law, decided that neither was liable because the injuries could not be wholly or partially attributed to one defendant or the other.

■ Appellees argue, on the assumption that the jury found both defendants not negligent, that the judgment should be affirmed in spite of the error in giving and refusing instructions. We cannot agree. Where an erroneous instruction has been given on the law, and a correct instruction might have produced a different result, the error is not cured by the fact that the jury might have found for the prevailing party on some basis unaffected by the error. In view of the nature of the

252

issues which went to the jury and the fact that the evidence was in sharp conflict with regard to all of them, we can only conclude that the jury might have reached a different result, but for the instructions erroneously given.

 In addition to the instructions considered above, we note that the trial court also erred in charging the jury with regard to the effect of appellant's alleged contributory negligence. The following instruction was given at the request of defendant Holder:

"* * * If after a complete survey of all the evidence in your deliberations you have reached the conclusion that both of the parties were negligent, that is the defendant James Holder was negligent * * * and that likewise plaintiff Cynthia Ann Holtz herself was negligent, as alleged * * * and that such negligence however slight contributed to the bringing about of the accident, then the law leaves the parties where it finds them. In other words, you are not called to decide which party is more negligent or more to blame. The law provides that when that state of affairs exists, and you find the evidence here from the witness stand shows that they were both negligent, and that their negligence contributed directly or otherwise to bring about the casualty, then the law leaves them just where it finds them and the plaintiff would not be entitled to recover. The verdict would be for the defendant Holder in that case, because the plaintiffs have instituted the case and have not established the case."

In Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149, we held, after considering the matter on our own motion, that under the provisions of our Constitution, A.R.S. Const. Art. 18, Sec. 5, as interpreted by this Court in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, a trial court may not instruct the jury as to what its verdict must be, as far as the defense of contributory negligence is concerned. The giving of a mandatory instruction in favor of defendant Holder con-

stituted a fundamental and reversible error, in that it deprived appellant of a constitutional right.

For the reasons indicated, the judgment of the trial court is reversed and a new trial is ordered.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and LOCKWOOD and McFAR-LAND, JJ., concur.