559 P.2d 680

Simon CHALPIN, Appellant and Cross-Appellee,

v.

John BRENNAN, Appellee and Cross-Appellant.

No. 1 CA–CIV 3079.

Court of Appeals of Arizona, Division 1, Department A.

Nov. 26, 1976.

Rehearing Denied Jan. 4, 1977.

Review Denied Feb. 1, 1977.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P. C. by John H. Westover, Phoenix, for appellant.

Law Offices of Marvin Johnson, P. C. by John P. Otto, Phoenix, for appellee.

## OPINION

OGG, Acting Presiding Judge.

This appeal questions the propriety of a summary judgment granted by the trial court in favor of the defendant/appellee John Brennan and against the plaintiff/appellant Simon Chalpin pursuant to a claim brought by Chalpin for damages for negligence and malpractice in the rendition of legal services.

This is the fourth time this case has been before this court on appeal. *Chalpin v. Mobile Gardens, Inc.*, 1 CA–CIV 1807 (1971), review denied 10687–PR; *Chalpin v. Mobile Gardens, Inc.*, 18 Ariz.App. 231, 501 P.2d 407 (1972), review denied 11044–PR; *Chalpin v. Mobile Gardens, Inc.*, 1 CA–CIV 2051 (1974), review denied 11647–PR. These prior actions dealt with claims brought by Chalpin against Mobile Gardens

and several other individuals pursuant to the alleged fraudulent sale of stock in Mobile Gardens. In these actions this court affirmed summary judgment in favor of all defendants except Brennan (who did not participate) with respect to all counts of Chalpin's original complaint, except Count I on which judgment was satisfied, and Count V, which is the subject of this appeal.

Brennan was employed as legal counsel for Mobile Gardens Incorporated. In Count V Chalpin seeks damages from Brennan for alleged malpractice in his negligent drafting of merged contracts for option and an employment-management agreement which contain certain material misrepresentations of fact. It is Chalpin's contention that in his purchase of stock in Mobile Gardens, Brennan, in his capacity as attorney for Mobile Gardens, owed a duty of due care to him regarding the drafting and representations made in the option contracts and employment agreement. Chalpin claims to be within the foreseeable ambit of the employment relationship between Mobile Gardens and Brennan, thus entitling him to recovery under a legal malpractice theory.

Presentation of this action in the Maricopa County Superior Court resulted in the granting of a summary judgment in favor of Brennan. Chalpin appeals that decision to this court.

In general, a summary judgment is properly granted only if it is established that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *Luplow v. Pasqualetti Properties, Inc.*, 101 Ariz. 90, 416 P.2d 414 (1966). Furthermore, in reviewing the grant of a motion for summary judgment, the facts of the case must be viewed in a light most favorable to the party against whom the motion was granted. *Riedisser v. Nelson*, 111 Ariz. 542, 534 P.2d 1052 (1975).

Whether an attorney should be held liable for legal malpractice to a third party not his client and not in privity with him is a matter of first impression in this state. Chalpin presents several California cases in support of his contention that the require-

ment of privity as a foundation for recovery for legal malpractice is no longer the better rule. These cases, however, deal exclusively with attorney negligence in the drafting or execution of a will, *Heyer v. Flaig*, 70 Cal.2d 223, 74 Cal.Rptr. 225, 449 P.2d 161 (1969), and negligence in the collection of a debt, *Donald v. Garry*, 19 Cal.App.3d 769, 97 Cal.Rptr. 191 (1971), where benefit to an aggrieved third party is the foreseeable purpose of the underlying client-attorney relationship.

We find these cases to be distinguishable from the present case in the degree of foreseeability and the extent to which the original attorney-client relationship between Brennan and Mobile Gardens was intended to affect Chalpin. Brennan was hired as counsel for Mobile Gardens, to which he owed a duty of zealous representation. The fact that Brennan was also a director of the corporation does not abrogate his basic legal responsibilities to the corporation.

■ Chalpin, on the other hand, was a third party purchaser of stock in Mobile Gardens who relied on misrepresentations made by the corporation through Brennan as an inducement to purchase. Brennan at no time was employed in a legal capacity by Chalpin, and Chalpin at all times was free to consult independent counsel of his own choice.

To impose upon counsel the responsibility of fully representing his client's interests in a contractual situation and at the same time making him liable to a third party to the transaction for fraud and misrepresentations under malpractice theory we believe to be unreasonable and unwise. A holding to the contrary could conceivably encourage a party to contractual negotiations to forego personal legal representation and then sue counsel representing the other contracting party for legal malpractice if the resulting contract later proves disfavorable in some respect.

We believe the soundest rule to be applied to the facts of this case is set forth in the line of cases which refuses to grant a cause of action for malpractice to an individual who is not a client or in privity with the attorney. See *Delta Equipment & Construction Co. v. Royal Indemnity Co.*, 186 So.2d 454 (La.App.1966); *Bryan & Amidei v. Law*, 435 S.W.2d 587 (Tex.Civ.App.1968); *Hakala v. Van Schaick*, 171 Misc. 418, 12 N.Y.S.2d 928 (1939); 45 A.L.R.3d 1181 (1972).

We do not condone the actions of attorney Brennan in this case, but believe that under Arizona law the proper remedy for his actions is the imposition of disciplinary proceedings through 17A ARS Sup.Ct. Rules, rule 29, et seq., and not by creation of a new cause of action founded on malpractice theory.[1]

Chalpin has also cited to several caselaw authorities regarding liability of an attorney in the additional capacity as an officer or director of a corporation for fraudulent sale of stock in the corporation. See *Escott v. Barchris Construction Corp.*, 283 F.Supp. 643 (S.D.N.Y.1968); *Securities & Exchange Commission v. National Student Marketing Corp.*, 360 F.Supp. 284 (D.D.C.1973). These cases deal with liability for violation of the Securities Acts of 1933 and 1934 and not with liability for legal malpractice. We therefore find these cases distinguishable from the present case.

Brennan by cross-appeal has raised the additional issue of waiver by election of remedies for our consideration. In view of our discussion above we find this cross-appeal not dispositive of this case and do not pass on its merits.

*Judgment affirmed.*

NELSON and WREN, JJ., concur.

---

1.  John Brennan was disbarred from the practice of law in the State of Arizona by order of the Arizona Supreme Court on October 29, 1971.