575 P.2d 364

**Lloyd E. FREDERICKS, Appellant,**

v.

**THUNDERBIRD BANK, an Arizona Corporation, Appellee.**

**No. 1 CA–CIV 3449.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 16, 1978.

Mickey L. Clifton, Phoenix, for appellant on briefs.

Lloyd E. Fredericks, Jennings, Strouss & Salmon by Thomas J. Trimble, Frederick J. Martone, Phoenix, for appellee.

## OPINION

FROEB, Chief Judge.

◼ In this appeal we consider (1) whether two persons who act negligently but independently to cause a single, indivisible harm, can be held jointly and severally liable to the one injured, and, if so, (2) whether the entry of a full satisfaction of judgment against one tort-feasor extinguishes the cause of action against the other tort-feasor for the same harm. We conclude that both questions should be answered in the affirmative and, therefore, uphold the judgment.

Plaintiff Lloyd Fredericks (Fredericks) brought this action seeking damages from Thunderbird Bank (Bank) for negligently accepting for deposit certain checks payable to Fredericks. The Bank moved for summary judgment on the ground that as a matter of law the satisfaction of a judgment obtained by the plaintiff against a joint tort-feasor discharged the Bank from liability. Plaintiff appeals from the judgment entered in favor of the Bank.

◼ Summary judgment should be granted only if the record before the trial court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. R.Civ.Proc., Rule 56(c). In reviewing a summary judgment, the facts of the case must be viewed in a light most favorable to the party against whom the motion was granted. *Chalpin v. Brennan*, 114 Ariz. 124, 559 P.2d 680 (App.1976). The evidence, in the light most favorable to plaintiff, is as follows.

As a result of injuries sustained in an automobile accident, Anna Fredericks died and Fredericks was hospitalized. Fredericks was the beneficiary under three insurance policies on his wife's life. The insurers issued four checks in the total amount of $122,500 payable to Fredericks.

Fredericks' son Michael obtained possession of the checks and of a general power of attorney executed by Fredericks in favor of Michael. Marion Erhardt, a licensed notary public, notarized the "power of attorney" which purportedly had been "signed" by Fredericks using "X" as his signature. Erhardt admits that he was not present at the "signing" of the document and that the signature was not acknowledged by Fredericks. Since Fredericks denies signing the document, we assume, for purposes of review, that he did not sign it.

Michael opened a checking account at the Bank and, pursuant to the power of attorney, endorsed and deposited the checks. The Bank submitted the checks for payment and the funds were credited to the account. Michael thereafter withdrew the money and spent it on, among other things, a restaurant and a house. Fredericks denies that he authorized these expenditures.

Prior to filing the present action, Fredericks brought suit in justice court against the notary public, Erhardt. In the justice court complaint Fredericks alleged that Erhardt tortiously notarized the signature of Fredericks, thereby enabling Michael, by authority of the power of attorney, to waste and diminish the approximate sum of $122,500 in life insurance proceeds. The prayer of the complaint sought judgment against Erhardt in such amount as would "adequately and completely compensate" Fredericks for his losses, but in no event less than $999.99. The justice court entered judgment in favor of Fredericks and against Erhardt in the amount of $999.99, the limit of its jurisdiction. In October 1973, Fredericks acknowledged receipt of the $999.99 and filed a satisfaction of judgment.

In July 1973, plaintiff brought the present action in superior court against the Bank, alleging that it was negligent in honoring the power of attorney, thereby enabling Michael to convert the approximate sum of $122,500. The prayer of the complaint was for judgment in such sum as would "adequately and completely compensate" plaintiff for his losses, but in no event less than $122,500.

The legal theory upon which the Bank relies to sustain the judgment is that Erhardt and the Bank were joint tort-feasors because their alleged tortious conduct united to cause Fredericks a single indivisible injury; namely, the loss of the insurance proceeds. It argues that the satisfaction of the justice court judgment obtained by Fredericks against Erhardt extinguished Fredericks' cause of action against any other tort-feasor for the same harm, thereby discharging the Bank from liability as a matter of law.

Fredericks contends that Erhardt and the Bank were not joint tort-feasors because there is neither assertion nor proof that Erhardt and the Bank acted in concert. The Bank counters with the argument that two or more persons can be joint tort-feasors under what is known as "the single injury rule" even though they do not act in concert.

The Arizona Supreme Court adopted the single, indivisible injury rule in *Holtz v. Holder*, 101 Ariz. 247, 418 P.2d 584 (1966). The rule provides that joint and several liability may be imposed upon two or more tort-feasors, notwithstanding that their tortious conduct is independent rather than joint, in cases where the injured party is unable to apportion the damages among them.

The court in *Holtz* set forth the policy reasons underlying the rule:

> The "single injury" rule is based on the proposition that it is more desirable, as a matter of policy, for an injured and innocent plaintiff to recover his entire damages jointly and severally from independent tortfeasors, one of whom may have to pay more than his just share, than it is to let two or more wrongdoers escape

liability altogether, simply because the plaintiff cannot carry the impossible burden of proving the respective shares of causation or because the tortfeasors have not committed a joint tort. *Id.* at 251, 418 P.2d at 588.

Although the court spoke of imposing joint and several liability in a "multiple collision case, where their acts occur closely in time and place and the result is such that the injured party suffers damages or injuries which the trier of the facts determines to be unapportionable between or among the several tortfeasors," we do not think that the court meant to limit the application of the rule to multiple collision cases or to cases where the independent acts occur closely in time and place. We believe that the doctrine is applicable to the facts of the present case. We find support for our reading of *Holtz* in the discussion on "single indivisible result" in W. Prosser, *The Law of Torts*, § 52 at 315–317 (4th ed. 1971):

> Certain results, by their very nature, are obviously incapable of any logical, reasonable, or practical division . . . No ingenuity can suggest anything more than a purely arbitrary apportionment of such harm. Where two or more causes combine to produce such a single result, incapable of any logical division, each may be a substantial factor in bringing about the loss, and if so, each must be charged with all of it. Here again the typical case is that of two vehicles which collide and injure a third person. The duties which are owed to the plaintiff by the defendants are separate, and may not be identical in character or scope, but entire liability rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made.
>
> Such entire liability is imposed both where some of the causes are innocent . . . and where two or more of the causes are culpable. It is imposed where either cause would have been sufficient in itself to bring about the result . . and also where both were essential to the injury, as in the vehicle collision suggested above. It is not necessary that the

misconduct of two defendants be simultaneous. One defendant may create a situation upon which the other may act later to cause the damage. One may leave combustible material, and the other set it afire; one may leave a hole in the street, and the other may drive into it (footnotes omitted).

*See also Restatement, Second, Torts* § 433A, comment i (1965); Beale, *Independent Tortfeasors Jointly and Severally Liable for Separate Acts of Negligence Where Harm is Indivisible, Holtz v. Holder (Ariz. 1966),* 9 Ariz.L.Rev. 129 (1967).

Whether it is appropriate to refer to tortfeasors in the single, indivisible injury situation as "joint tort-feasors" is of no moment to the outcome of the present case. The term has usually referred to two or more persons acting in concert to commit a tort. W. Prosser, *supra* at § 46. There are cases which apply the term to tort-feasors whose independent acts have concurred to produce a single result. *Id.* at § 47 & n.61. Whether or not they should be referred to as joint tort-feasors, it is clear that they are jointly and severally liable for the single injury. *Holtz v. Holder.* It is this rule which, when applied here, supports the position of the Bank.

■ On the record before the trial court supporting the Bank's motion for summary judgment, Erhardt and the Bank were independently negligent tort-feasors whose negligence united to cause a single, indivisible harm to Fredericks (the loss of the insurance proceeds) rendering them jointly and severally liable for the entire harm. A finding that Fredericks was injured through Erhardt's wrongful notarization of the power of attorney was necessary to the judgment in the justice court. In the present action, Fredericks alleged that the Bank was negligent in honoring the power of attorney and that its negligence injured him in the amount of $122,500. It was not necessary for the case to go to trial, for if Fredericks were to fail to prove the allegations, the Bank would not be liable, and, if he were to succeed in proving them, he

would have proved that the Bank was negligent and that the Bank, in combination with Erhardt's independently negligent act, caused a single indivisible injury to Fredericks. For purposes of this appeal, we must assume the Bank was negligent.

We turn then to the effect to be given to the satisfaction of the justice court judgment against Erhardt. Fredericks contends that the superior court erred in ruling that Fredericks' filing of the satisfaction of the judgment obtained against Erhardt in the action in justice court discharged the Bank from liability. We disagree.

The Arizona Supreme Court dealt with the effect of a satisfaction of a judgment on the liability of joint tort-feasors in *Rager v. Superior Coach Sales & Service*, 110 Ariz. 188, 191, 516 P.2d 324, 327 (1973):

> While as between joint tort-feasors the recovery of a judgment against one does not bar an action against another, the satisfaction of the judgment obtained discharges the others from any liability. The theory is that a plaintiff can have but one satisfaction of a joint wrong and if he recovers a judgment against one tort-feasor which is satisfied, this operates as a discharge of others. The cause of action is extinguished (citation of case omitted).

The court went on to quote from *Payne v. Bertman and Kelly*, 224 Mo.App. 690, 694, 27 S.W.2d 28, 30 (1930):

> [F]or one cause of action the plaintiff may have as many money judgments as there are tort-feasors, but may have but one satisfaction. *Rager v. Superior Coach Sales & Service*, 110 Ariz. at 191, 516 P.2d at 327.

The rule is equally applicable to independent tort-feasors whose acts have concurred to produce a single result, since each is jointly and severally liable for the entire harm:

> The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a single harm discharges each of the others from liability therefor. *Restatement of Torts* § 886 (1939).

Comment a to this section states that the rule "applies where the tort was the act of one of them for which the others were liable, where all acted in concert, and where the act of each was merely a contributory factor to the harm." *Id.* *See also Restatement of Judgments* § 95 (1942).

It is undisputed that Fredericks has satisfied in full his judgment against Erhardt. As we have discussed above, it is also beyond dispute that, even if Fredericks were able to prove the allegations in his complaint against the Bank, the Bank would be jointly and severally liable with Erhardt. Therefore, the full satisfaction of the judgment Fredericks obtained against Erhardt bars this action against the Bank. "When payment of the judgment in full is made by the judgment debtor, there is no doubt that the plaintiff is barred from a further action against another who is liable for the same damages." W. Prosser, *supra* § 48 at 300 (footnote omitted).

Fredericks cites *Cimino v. Alway*, 18 Ariz. App. 271, 501 P.2d 447 (1972) in support of the proposition that the filing of the satisfaction of the judgment in the justice court does not bar this action against the Bank. In *Cimino* the plaintiff sued the store where she was shopping when paint cans fell on her foot and injured her. She recovered in that suit and filed a satisfaction of judgment. Subsequently, plaintiff brought a malpractice action against a physician for negligent treatment of the injuries she sustained when the paint cans fell on her foot. The trial court's grant of summary judgment in favor of the physician was reversed on appeal.

We do not find any inconsistency between the result reached in the *Cimino* case and the result in the present case. *Cimino* involved aggravated injuries. Unlike the present case where independent acts of negligence caused a single, indivisible harm, the independent acts of negligence in *Cimino* caused separate and divisible harms. The suit against the store did not involve the aggravated injuries; they were separable and could be asserted against the physician. In the present case the negligent acts

of both Erhardt and the Bank were required to cause the injury. The resulting injury is indivisible. The action against Erhardt alleged precisely the same injury caused by the Bank. The judgment in the first action represented an award for the entire loss. After that judgment was satisfied, no part of the injury remained to be compensated in the second action. Although each of the defendants in the present case was potentially liable for the entire amount of the damage caused by Michael's dissipation of the insurance proceeds, the defendants in *Cimino* were not jointly and severally liable for the entire harm. The earlier wrongdoer, the store, could be held liable for the entire damages, but the later wrongdoer, the treating physician, could not be. W. Prosser, *supra* § 47 at 298 & § 52 at 320; *Restatement of Judgments* § 95, comment c (1942). Unlike the satisfaction of judgment filed in the present case, the one in *Cimino* was not a full satisfaction of judgment for all the damages caused by the defendants. The defendants in *Cimino* were not tort-feasors who caused a single, indivisible injury.

 We also reject Fredericks' claim that he did not file a full satisfaction of judgment for all injuries because the judgment he received was limited by the statutory amount of $999.99 for a justice court. Fredericks chose the forum in the first instance. By doing so, Fredericks voluntarily limited the potential recovery against Erhardt to $999.99. The full satisfaction of the judgment thus obtained in the justice court discharged the Bank from further liability under the well-settled principles previously discussed.

The judgment is affirmed.

HAIRE, P. J., and NELSON, J., concurring.