828 P.2d 1239

**Daisy S. POTTS, a single woman, Plaintiff/Appellee,**

v.

**Estelle LITT and Seymour Litt, husband and wife, Defendants/Appellants.**

**No. 2 CA–CV 91–0101.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 5, 1991.
Review Denied May 19, 1992.

Law Offices of Michael A. Edson, P.C. by Michael A. Edson and Kevin F. Finn, Tucson for plaintiff/appellee.

Stidham & Associates by Terry P. Thompson, Phoenix for defendants/appellants.

## OPINION

FERNANDEZ, Judge.

Appellants Estelle and Seymour Litt challenge the amount of damages awarded to appellee Daisy Potts in her personal injury action, contending that the trial court failed to reduce her damages based on her comparative negligence. They also complain about jury instructions. We agree that the jury was improperly instructed and reverse.

Potts was injured in two automobile accidents, one on January 17, 1987 and the second on January 30, 1987. She filed two lawsuits, one against Charles Disney, the other driver in the first accident, and the other against the Litts. Estelle Litt was the other driver in the second accident. The court subsequently granted Potts's motion to consolidate the cases, based on her argument that the issue in dispute was which accident caused which injuries.

At trial, the court submitted several forms of verdict to the jury, including one based on the indivisible injury rule. The jury found that it was unable to apportion the injuries between the accidents and that Potts's full damages were $44,850. It also found that Potts was 80% at fault in the first accident and that Disney was 20% at fault. There was no issue of comparative negligence in the second accident, the one involving Estelle Litt.

In the judgment, the court awarded Potts $8,970 from Disney and $44,850 from the Litts. The Litts were also given an offset of $8,970, the amount owed by Disney.

## JURY INSTRUCTIONS

The Litts contend that the court erred in giving Potts's requested jury instruction on the indivisible injury rule, arguing that the court should have given their instruction instead. The court instructed the jury as follows:

Since this case involved two separate automobile accidents giving rise to the injuries of the plaintiff, if you find from the evidence that the defendant Disney was negligent, and that defendant Litt was also negligent, and if you further find that the plaintiff's injuries were the proximate result of the negligence of both of the defendants, then it is your duty to apportion the total amount of damages suffered by the plaintiff between these defendants.

However, if you find that the evidence demonstrates there is no legal basis on which to apportion damages, then it is your duty to award the plaintiff a verdict for the full amount of damages against each of the defendants.

■ That instruction was based on the indivisible injury rule. Under that rule, two or more independent tortfeasors who have caused injuries to a plaintiff are liable for all the plaintiff's damages where " 'it is not reasonably possible to make a division of the damage caused by the separate acts of negligence....' " *Holtz v. Holder*, 101 Ariz. 247, 251, 418 P.2d 584, 588 (1966), quoting *Ruud v. Grimm*, 252 Iowa 1266, 1271–72, 110 N.W.2d 321, 324 (1961). The rule requires that the " 'consecutive acts of negligence [be] closely related in point of time....' " *Id.* In *Holtz*, the car the plaintiff was driving was hit by another car and was pushed across the center line into a truck stopped at a red light. Five minutes later and before the plaintiff had left her vehicle, a milk truck also struck her car. The plaintiff's doctor testified that it was impossible to apportion her injuries between the two collisions because she had not been examined immediately after the first collision.

■ The facts in this case, however, are quite different. The accidents occurred thirteen days apart, and the record shows that Potts was treated by a chiropractor five times between the first accident and the second. Thus, even though it might have been difficult to apportion Potts's damages, it was not impossible.

The Litts requested that the trial court give the following instruction instead of Potts's requested instruction:

You are instructed that a person who is claimed to be liable for personal injuries can only be liable to the extent of the injuries, if any, caused by himself.

In other words, if Plaintiff has not proved by a preponderance of the evidence an apportionment of the damages between those for which Defendant Litt is claimed to be liable and those attributable to other conditions or accidents, you may not render a verdict for any such damages.

The basis for both the objection to Potts's instruction and the refusal of the Litts' instruction was the same. The Litts agreed with Disney's contention that the indivisible injury rule did not apply to the facts of this case and argued that the correct statement of the applicable law was that given in *City of Scottsdale v. Kokaska*, 17 Ariz.App. 120, 495 P.2d 1327 (1972). In that case the court ruled that an instruction similar to the one the Litts requested had been correctly refused by the trial court because that case was not one involving the apportionment of damages.

The Litts also cited the case of *Sweet Milk Co. v. Stanfield*, 353 F.2d 811 (9th Cir.1965) as support for their requested instruction. In that case the court ruled that the plaintiff bore the burden of proving the specific damages caused by the second of two successive accidents.

We have been unable to find a case that was submitted to a jury under the indivisible injury rule in which the successive accidents were as distant in time as the accidents involved here. *See* Annot., *Apportionment of Damages Involving Successive Impacts by Different Motor Vehicles*, 100 A.L.R.2d 16 (1965). Indeed, Potts's counsel conceded at oral argument that he was unaware of any such cases. We conclude, therefore, that it was error to instruct the jury on the indivisible injury rule and to refuse the Litts' requested instruction.

Having determined that the jury was improperly instructed, we need not address the other issue raised by the Litts.

Reversed and remanded.

ROLL, P.J., and HATHAWAY, J., concur.