Lester Holtzman, J.
Defendants, William Brooks Baker and Massachusetts Institute of Technology, move for summary judgment.
This is an action by the administratrix of the goods and chattels of the decedent, Marvin Jerome Zucker, to recover damages for personal injuries, wrongful death and damage to his motor vehicle sustained when he was struck by a motor vehicle operated by the defendant Baker in the course of his employment by the defendant Massachusetts Institute of Technology. The accident occurred near Bye, New York. A prior action for personal injuries, wrongful death and damage to the motor vehicle was instituted in the Federal District Court in Connecticut whose jurisdiction was based on diversity of citizenship. In that action the administratrix brought suit against one Hugo Vogt, alleging that he served liquor to defendant *842 Baker while said defendant was intoxicated. That action was based on the Connecticut Dram Statute (Conn. Gen. Stat., § 30-102) which provides: “If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured, up to the amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars, to be recovered in an action under this section, provided the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to. bring an action under this section. Such notice shall specify the time, the date and the person to whom such sale was made, the name and address of the person injured or whose property was damaged, and the time, date and place where the injury to person or property occurred. No action under the provisions of this section shall be brought but within one year from the date of the act or omission complained of.” (Emphasis supplied.) The jury returned a verdict in the sum of $13,000 in plaintiff’s favor and the judgment entered thereon was fully satisfied by the defendant in that action, Hugo Vogt.
The defendants herein argue in support of their defense of satisfaction that since the Connecticut statute has been construed by the courts of that State to be a compensatory statute, satisfaction of the judgment already recovered by plaintiff bars the present action. In support of their motion for summary judgment on that ground they cite Pierce v. Albanese (144 Conn. 241) and Laznovsky v. Furdanowicz (22 Conn. S. 297). In Pierce the court stated at page 250: 1 ‘ While it may be said that in one sense the statute is penal, nevertheless it is primarily remedial because it gives a remedy enforceable by an individual in a civil action and allows the recovery of damages in an amount commensurate with the injuries suffered.” In Laznovsky a pedestrian who was struck by an automobile driven by an intoxicated motorist brought an action under the Connecticut Dram Statute against ‘ ‘ bar operators ’ ’ who sold liquor to the motorist. The court, in sustaining the defense that the pedestrian had settled his cause of action against the motorist, stated (pp. 300-301): “The Connecticut Dram Shop Act, on the other hand, provides for the payment of ‘just damages’. * * * ‘The gravamen of the plaintiff’s cause of action is not negligence or wanton misconduct but rather a violation of [the Dram Shop Act]. This statute estab *843 lishes a cause of action based upon a specified course of conduct and the consequence of such conduct. ’ * * * In the opinion of the court, to permit the plaintiff in this action to be the beneficiary of a windfall which might result in double damages would be contrary to sound principles of law and public policy. It was not the intention of the legislature that anything more than ‘ just damages ’ be recovered. This means simply compensatory rather than exemplary or punitive damages.”
Plaintiff herein argues that the law of New York governs the question of the effect to be given to the satisfaction of the Connecticut judgment. She cites section 65 of the Alcoholic Beverage Control Law and more particularly section 11-101 of the General Obligations Law which provides:
“ 1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication; and in any such action such person shall have a right to recover actual and exemplary damages.
“2. In case of the death of either party, the action or right of action given by this section shall survive to or against his or her executor or administrator, and the amount so recovered by either wife or child shall be his or her sole and separate property.
“ 3. Such action may be brought in any court of competent jurisdiction.
“4. In any case where parents shall be entitled to such damages, either the father or mother may sue alone therefor, but recovery by one of such parties shall be a bar to suit brought by the other.”
Plaintiff contends that since the law of New York provides that recovery under the New York Dram Statute does not preclude further recovery against a negligent motorist, the satisfied Connecticut judgment does not bar recovery against the alleged negligent motorist herein. Plaintiff relies on Playford v. Perich (2 Misc 2d 170), an action brought by the administrator of the estate of passengers killed in an automobile accident against the tavern proprietors allegedly responsible for the intoxication of the deceased driver. There, the court held that recovery under the New York wrongful death statute did not diminish liability pursuant to the provisions of the Civil Rights Law (the forerunner of section 11-101 of the General Obligations *844 Law) which gave a person injured by an intoxicated person a right of action against a third party who caused or contributed to the intoxication. The court stated (p. 172): “ The action created by section 16 of the Civil Rights Law and its forerunner in earlier statutes is a creature of statute solely. It is not a common-law action. It is penal in nature. It is in the nature of a civil fine, the amount of which is to be determined by a jury, and the proceeds of which are to go to a private individual or individuals, and not into the public treasury.”
And (pp. 173-174): “ Parenthetically, it is seriously questionable that the defendant and the driver of the vehicle were joint tort-feasors even though the conduct of both may have contributed to the death. The statutory action against the driver is based on his negligence; the statutory action against the defendant is based not on negligence, but on willful violation of the statutory prohibition in a sphere wholly unrelated to negligence. ’ ’
The question here presented is the effect to be given by the courts of this State to the satisfied judgment based on the Connecticut compensatory Dram Shop Act rendered by the Federal District Court.
The action in which recovery was obtained involved the claim of the plaintiff against the restaurateur, Hugo Vogt. He argued that the District Court should determine his liability by applying the New York Dram Statute since the accident occurred in New York. In rejecting this contention, the court stated (Zucker v. Vogt, 200 F. Supp. 340, 341, 342, 343): “ Normally, legal consequences of particular conduct are determined by exclusive reference to the law of that jurisdiction where the harm occurred ”.
In disposing of Vogt’s contentions that “ (1) the Connecticut court cannot reach beyond its own borders to enforce a breach of its own law committed here which brought about an injury which occurred to the plaintiff in New York State because it will perforce look to the law of New York when applying its own law of conflict of laws; and (2) New York law will not give extra-territorial effect to the breach of the Connecticut Dram Shop Act which resulted in injuries to the plaintiff in New York.”
The trial court held:
“ If there is no escape from the force of the defendant’s argument, then not only is the plaintiff impaled, but the public policy of both New York and Connecticut is frustrated because the basic concepts underlying their respective Dram Shop Acts are the same. * * *
*845 ‘' Here it is difficult to see how the harmony between different states which is the fundamental basis for the whole doctrine of conflict laws could be adversely affected by holding, as I believe the highest courts of Connecticut would, that the plaintiff may recover damages for injuries sustained as a result of violation by the defendant of the provisions of the Connecticut Dram Shop Act.”
This court is of the opinion that the effect of the satisfaction of the judgment plaintiff has already recovered is governed by New York law. The accident occurred in New York. The plaintiff’s intestate was a resident of that State. Clearly New York is the State with the greatest interest in this action and with which the occurrence has its closest contact. (See Babcock v. Jackson, 12 N Y 2d 473.)
There remains only the question what “ the conflict-of-law rule of New York ” is in this situation. It is clear, as plaintiff contends, that the New York courts hold the violation of New York’s penal Dram Shop statute does not preclude an action against the negligent motorist. But this is not the question at bar. The crucial question is the effect upon the instant action of the judgment recovered upon the basis of the Connecticut compensatory Dram Shop statute.
No similar case has been cited by the parties nor found by the court upon its own research. Generally, the satisfaction of a judgment against one joint tort-feasor discharges the other joint tort-feasors from liability to the injured victim. In the case of Walsh v. New York Cent. & Hudson Riv. R. R. Co. (204 N. Y. 58, 62), the Court of Appeals stated: “It is elementary law that one who has been injured by the joint wrong of several parties may recover his damages against either or all; but although there may be several suits and recoveries, there can be but one satisfaction.”
The New York courts have applied this rule to cases of independent tort-feasors whose wrongs coalesce in a single injury. (Matter of Parchefaky v. Kroll Bros., 267 N. Y. 410.) The court there held that a person who negligently injures another is not a joint tort-feasor with the physician whose negligence thereafter aggravates the original injury; that, nevertheless, the satisfaction by the original wrongdoer of all damages he caused bars a subsequent action against the negligent physician and that for the same reason satisfaction by the physician of the damages caused by the aggravation of the original wrong bars recovery for the same damages as part of the original wrong. The court based this holding on the rule that “ The law does *846 not permit a double satisfaction for a single injury”. (Id., p. 414.)
The Court of Appeals recently held, however, that a release of the original wrongdoer did not as a matter of law constitute satisfaction of the claim for damages caused by a doctor’s aggravation of the original injury. (Derby v. Prewitt, 12 N Y 2d 100.) But in the case at bar the damages awarded by the District Court in Connecticut were in full satisfaction of plaintiff’s claim for personal injuries, wrongful death and property damages. Paragraph 6 of the complaint in that action alleged: f ‘ >6. Thereafter, in consequence of such intoxication, the said William B. Baker, Jr. operated a motor vehicle in such a manner as to strike the plaintiff’s intestate, the said Marvin Jerome Zucker, and a motor vehicle operated by him, on the New York State Thruway, in the city of Rye, State of New York, inflicting such injuries upon the said Marvin Jerome Zucker as to cause his death on February 24, 1961, and causing considerable damage to the motor vehicle of the said Marvin Jerome Zucker.” (Emphasis supplied.) Since the resulting judgment based on the foregoing allegations has been satisfied, the defendants have been discharged from liability to the plaintiff for the elements of damage common to both actions.
This result is not contrary to the strong public policy of this State against limiting recovery in wrongful death actions (see Kilberg v. Northeast Airlines, 9 N Y 2d 34), since the plaintiff has recovered for wrongful death in the prior action. Nor is such a result contrary to the public policy expressed in the General Obligations Law since this case concerns the compensatory Connecticut statute and not the penal New York statute.
Accordingly, the defendants’ motion for summary judgment dismissing the complaint is granted, without costs.