■ LILLIAN ZUCKER, as Administratrix of the Estate of MARVIN J. ZUCKER, Deceased, Appellant, v. WILLIAM B. BAKER et al., Respondents.— In an action to recover damages for wrongful death, conscious pain and suffering and injury to property, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered October 6, 1965, which dismissed the complaint upon a prior order granting defendants' separate motions for summary judgment. (See 47 Misc 2d 840.) Judgment reversed, with one bill of $10 costs and disbursements, and defendants' motions for summary judgment denied. Plain-

tiff's causes of action are based upon an accident on the New England Thruway 'n Rye, New York, which resulted in the death of her intestate. Defendants are the operator of the car which struck decedent and his employer. Another action, founded upon the same accident, was instituted by plaintiff against one Vogt in the United States District Court for the District of Connecticut under the Connecticut Dram Shop Act (Conn. Gen. Stat., tit. 30, § 30–102), upon allega-tions that Vogt, in Connecticut, had served liquor to the operator while he was intoxicated. In that action, the jury rendered a verdict in plaintiff's favor for $13,000; the judgment was affirmed on appeal (*Zucker* v. *Vogt*, 329 F. 2d 426); and it was paid in full and satisfied. Claiming that such payment and satisfaction barred the prosecution of the instant action, defendants moved for summary judgment dismissing the complaint and their motions were granted. In our opinion, the granting of the motions was error. The cause of action under the Connecticut Dram Shop Act and the causes of action in the case at bar are different (cf. *Zucker* v. *Vogt, supra; Moyer* v. *Lo Jim Cafe*, 19 A D 2d 523, affd. 14 N Y 2d 792; *Bator* v. *Barry*, 282 App. Div. 324). Particularly significant here is the difference in the measure of damages. The Connecticut statute, as then in effect, not only limited damages to a maximum of $25,000, but also excluded as an element of damage the pecuniary loss to a decedent's next of kin, which is the measure of damages under section 132 of the Decedent Estate Law. On the record presented, we believe it is clear that the award in the Connecticut action did not constitute full satisfaction of the claims asserted in the case at bar; that the defendants here were not joint tort-feasors with the seller of the liquor, within the rule of cases such as *Walsh* v. *New York Cent. & Hudson Riv. R. R. Co.* (204 N. Y. 58) that an unconditional discharge of one joint tort-feasor operates as a discharge of the others; and that the payment of the Connecticut judgment, accordingly, did not operate as a bar to the instant action (cf. *Derby* v. *Prewitt*, 12 N Y 2d 100). We express no opinion on the question of whether defendants may set off the amount of the payment made in satisfaction of the Connecticut judgment against any recovery against them. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.