681 P.2d 1384

**STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT OF MARICOPA COUNTY, Arizona, and the Honorable Robert Pickrell, Respondent Judge,**

**Martin FOX, Wheeler Collier and Pauline Collier, Respondents Real Parties in Interest.**

No. 17182–PR.

Supreme Court of Arizona, En Banc.

May 2, 1984.

Burch & Cracchiolo, P.A., By Richard A. White, Phoenix, for petitioner.

Lindauer, Girard & Gormley by W. Clifford Girard, Jr., Phoenix, and Haralson, Kinerk & Morey by Carter Morey and Michael L. Larkin, Tucson, for respondents.

HAYS, Justice.

The issue presented is whether a satisfaction of judgment against one tortfeasor extinguishes a cause of action against another tortfeasor for the same harm. We hold that it does. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and Arizona Rules of Procedure for Special Actions, rule 8.

On August 2, 1980, one William Tillman drove a truck owned by his employer, Delk Pest Control, through a stop sign, causing the truck to collide with a vehicle, killing Paulette Fox, a passenger, and injuring her husband. On August 7, 1981, the respondents to this petition, Paulette Fox's husband and her parents, brought an action against Tillman and Delk. A jury returned a verdict of $40,000 in favor of respondents. This judgment was paid and a satisfaction of judgment was filed on February 3, 1983.

Prior to the trial at which Tillman and Delk were defendants, the respondents before us also filed suit on August 2, 1982, against petitioner, the State of Arizona. In that suit, respondents alleged that in violation of A.R.S. § 28–413 the petitioner had negligently issued a driver's license to Tillman, and that this negligence was a cause of Mrs. Fox's death. A.R.S. § 28–413 proscribes the issuance of a driver license to persons with certain disabilities.

In March of 1983 the petitioner filed a motion for summary judgment. Petitioner argued that an entry of a satisfaction of judgment on behalf of one of several tortfeasors responsible for a single harm discharges the other tortfeasors from liability, and that respondents' act of signing a satisfaction of judgment after their suit against Tillman and Delk thereby relieved the state from any liability. This motion was denied, as was a subsequent motion for rehearing. Petitioner then brought a special action before the court of appeals. That court declined jurisdiction. We accepted the state's petition for review of that decision, finding that because the denial of a motion for summary judgment is a nonappealable order, *Grain Dealers Mutual Insurance Co. v. James*, 118 Ariz. 116, 117 n. 1, 575 P.2d 315, 316 (1978); *Safeway Stores Inc. v. Superior Court*, 19 Ariz.App. 210, 212, 505 P.2d 1383, 1385 (1973), the petitioner has no equally plain, speedy, and adequate remedy by appeal, *see* Ariz.R.P. Special Actions, rule 1(a), and that to avoid the burden of a jury trial, the only just and adequate remedy under the circumstances is by special action. We hold that petitioner is entitled to a summary judgment.

Summary judgment is appropriate only when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *E.g., Tribe v. Shell Oil Co.*, 133 Ariz. 517, 518, 652 P.2d 1040, 1041 (1982); Ariz.R. Civ.P., rule 56(c). In the present case the

material facts are undisputed. We concern ourselves with whether the petitioner is entitled to a judgment as a matter of law.

We agree with petitioner that the general rule is that a satisfaction of judgment entered on behalf of one of several tortfeasors responsible for a single harm discharges the other tortfeasors from liability. We stated this rule in *Rager v. Superior Coach Sales & Service*, 110 Ariz. 188, 191, 516 P.2d 324, 327 (1973); the rule has been employed by the court of appeals on several occasions, *see, e.g., Edmond v. Fairfield Sunrise Village, Inc.*, 132 Ariz. 142, 143, 644 P.2d 296, 297 (App.1982); *Fredericks v. Thunderbird Bank*, 118 Ariz. 165, 169, 575 P.2d 364, 368 (App.1978), and it is consistent with the view taken by commentators, *see, e.g.,* W. Prosser, *The Law of Torts*, § 48, at 300 (4th ed. 1971), and the Restatements.

Section 886 of the Restatement of Torts provides that "[t]he discharge or satisfaction of a judgment against one of several persons each of whom is liable for a single harm discharges each of the others from liability therefor." This position has been modified in the Restatement (Second) of Torts § 886, which provides that "[t]he dis-. charge of a judgment against one of several tortfeasors each of whom is liable for a single harm is treated like a release or covenant not to sue given to one of several tortfeasors for a claim not reduced to judgment." Comment (a) then states that "if a judgment has been rendered against one tortfeasor and a satisfaction or release of the judgment ... is entered into terminating the obligation of the tortfeasor against whom the judgment has been rendered, it does not have the effect of discharging the liability of other tortfeasors liable for the same harm except to the extent that the agreement so provides. (citation omitted) Payments made, however, diminish the liability of the other tortfeasors ...." In the present case the satisfaction of payment agreement did not provide for the discharge of the petitioner's liability, but the judgment was paid in full, thereby diminishing the petitioner's liability to zero. *See also* Restatement (Second) of Judgments, § 50(2) (1982) ("Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss"); *id.* § 50, comment (d) ("The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. See § 29. Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforcible [sic] claim against any other obligor who is responsible for the same loss.").

■ Respondent, citing *Mongeau v. Boutelle*, 10 Mass.App. 246, 407 N.E.2d 352 (1980) and *Zucker v. Baker*, 26 A.D.2d 945, 274 N.Y.S.2d 918 (1966), argues that the rule we have discussed does not apply to the present case. In both *Mongeau* and *Zucker* the court allowed an action against one of two wrongdoers responsible for a single harm even after a judgment had already been rendered, and satisfied, against the other wrongdoer. In both cases the reason for allowing the second action was that one of the actions was based on a common law negligence theory and the other on a statutory scheme providing new substantive rights and remedies, independent of any common law tort action. Respondent argues that the satisfaction of judgment by Tillman and Delk does not discharge petitioner from liability because the theory upon which recovery in the first suit was gained was common law negligence, whereas the theory upon which respondent urges recovery in the suit against the petitioner is a violation of a statute, A.R.S. § 28–413. Respondent claims that A.R.S. § 28–413 creates a cause

of action different and distinct from a common law negligence action, and that we should therefore allow the suit against the petitioner to proceed under the reasoning of *Mongeau* and *Zucker.*

We need not discuss the merits of the rationale employed in *Mongeau* and *Zucker,* for we find those cases inapplicable to the present situation. Unlike the statutes involved in *Mongeau* and *Zucker,* A.R.S. § 28–413 does not create new rights and remedies independent of any common law tort action. A.R.S. § 28–413 simply places a duty on the state not to issue driver licenses to individuals with certain disabilities. To recover for an injury attributable to a violation of § 28–413, a plaintiff must still demonstrate the elements of a common law negligence action. *Cf. Ryan v. State,* 134 Ariz. 308, 310, 656 P.2d 597, 599 (1982) (state is liable for the negligent acts of its agents); *Oleszczuk v. State,* 124 Ariz. 373, 604 P.2d 637 (1979) (negligence action allowed to proceed against the state for alleged violation of, *inter alia,* statute requiring state to find and identify those drivers who, because of past history, might be dangerous to other users of the highway).

■ Respondent also relies on *Cimino v. Alway,* 18 Ariz.App. 271, 501 P.2d 447 (1972), for the proposition that the filing of the satisfaction of the judgment does not bar this action against petitioner. In *Cimino* the plaintiff was shopping when paint cans fell on her foot and injured her. She sued the store in which she had been shopping, recovered, and filed a satisfaction of judgment. Plaintiff subsequently brought a malpractice action against the physician who treated her foot. The trial court's grant of summary judgment in favor of the physician was reversed on appeal.

We find no inconsistency between the result in *Cimino* and the result in the present case. In *Cimino* the injury was divisible in that the alleged negligence of the physician aggravated the harm caused by the store's negligence. In the present case, however, the injury alleged in the second suit is indivisible from that alleged in the first. Further, because the injury in

*Cimino* was divisible, both defendants in that case could not be held liable for the entire harm. The earlier tortfeasor, the store, could be held liable for all the harm, but the later tortfeasor, the physician, could be held liable only for the damages caused subsequent to his involvement. *Fredericks, supra,* 118 Ariz. at 170, 575 P.2d at 369. In contrast, in the present case, the harm being indivisible, both defendants were potentially liable for the entire damage. *See Holtz v. Holder,* 101 Ariz. 247, 418 P.2d 584 (1966) (adopting the indivisible injury rule). Finally, the satisfaction of judgment in *Cimino* was not a satisfaction for all the harm, but only for the harm suffered by plaintiff before the physician's involvement. In the instant case, however, the satisfaction represented an award for the entire loss incurred.

■ Respondent's final argument is that "the verdict and judgment of $40,000 for the death of Mrs. Fox and the injuries to Mr. Fox is not adequate compensation for the damages to Respondents." We stated above that "when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss." (Quoting the Restatement (Second) of Judgments, § 50, comment d (1982)). In the present case the actual damages suffered by respondents have already been litigated and established by a jury. An insufficient damage award is reason for a motion for new trial, *see* Ariz.R.Civ.P., rule 59(a)(5), (h), and (i), but is not reason for us not to apply the rule that a satisfaction of judgment entered on behalf of one of several tortfeasors responsible for a single harm discharges the other tortfeasors from liability.

Reversed and remanded to the trial court for entry of a summary judgment.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.