644 P.2d 296

**Enid EDMOND and George Edmond, wife and husband, Plaintiffs/Appellants,**

**v.**

**FAIRFIELD SUNRISE VILLAGE, INC., an Arizona corporation; Fairfield Communities, Inc., an Arizona corporation; and Fairfield Green Valley, Inc., an Arizona corporation, Defendants/Appellees.**

**No. 2 CA–CIV 4228.**

Court of Appeals of Arizona, Division 2.

April 20, 1982.

Bolding & Zavala by Ed Bolding, Tucson, for plaintiffs/appellants.

Donald Estes, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

Does the satisfaction of judgment against one tortfeasor preclude a subsequent action against another joint tortfeasor arising out of the same accident? We find that it does.

Appellants (Edmonds) were injured when their automobile was struck by another vehicle driven by Donna Carr on March 16, 1979. They sued Donna Carr in cause number 182446 in Pima County Superior Court and were awarded a judgment. The judgment was paid and a satisfaction of judgment was signed and filed with the court.

The present lawsuit subsequently filed against appellees (Fairfield), owners of the vehicle driven by Donna Carr, alleged negligent entrustment and sought compensatory and punitive damages. A defense motion for summary judgment asserting satisfaction of the judgment against the joint tortfeasor was granted and this appeal followed.

It is contended on appeal that the trial court's ruling is in error and that the Edmonds should be permitted to proceed against Fairfield. The argument is made that the common law rule governing releases of joint tortfeasors has been rejected, *Adams v. Dion*, 109 Ariz. 308, 509 P.2d 201 (1973), and that the same rule should apply with reference to satisfaction of judgments. *Rager v. Superior Coach Sales and Service of Arizona*, 110 Ariz. 188, 516 P.2d 324 (1973), is cited in illustration. There, appellants point out, Rager was permitted to pursue his claim against the remaining defendants after entering into a covenant not to execute with another. Whether the judgment is satisfied through a covenant not to execute or through a satisfaction, appellants argue, is a matter of form and should not control their claim against Fairfield. *Rager* itself, however, notes the difference, observing that "satisfaction" is a technical term meaning the application to a judgment of the money due. The court succinctly observed:

> "The theory is that a plaintiff can have but one satisfaction of a joint wrong and if he recovers a judgment against one tort-feasor which is satisfied, this operates as a discharge of others. The cause of action is extinguished." 110 Ariz. at 191, 516 P.2d at 327.

Also *see, Fredericks v. Thunderbird Bank*, 118 Ariz. 165, 575 P.2d 364 (App.1978).

■ Appellants refer to the following two sections of the Restatement which they suggest support their position. Restatement (Second) of Torts, § 886 (1979), provides:

> "The discharge of a judgment against one of several tortfeasors each of whom is liable for a single harm is treated like a release or covenant not to sue given to one of several tort-feasors for a claim not reduced to judgment."

We believe that comment b under this section is particularly applicable to the instant case. It provides:

> "If the adjudication of the loss has the effect of delimiting the injured party's entitlement to redress on the ground that the actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question (see Restatement, Second, Judgments § 88 (Tent. Draft)), a payment in full of the judgment has the effect of satisfying in full the injured party's claim against any of the tortfeasors and there is no longer an enforceable claim. (See Restatement, Second, Judgments § 95, Comment *d* (Tent. Draft))."

Appellants also cite the tentative draft of the Restatement (Second) of Judgments, § 95 (1976), as supportive of their position. It provides:

> "*Discharge of Judgment Against One of Several Coobligors.* When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:
>
> (1) A satisfaction or release of the judgment, or covenant not to execute upon it, or other agreement terminating in whole or in part the judgment debtor's obligation, does not discharge the liability of any of the other persons liable for the loss, except:
>
> (a) To the extent that the agreement may so provide; and
>
> (b) To the extent required by the law of suretyship.
>
> (2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss."

However, comment d to this section, which we find pertinent to the instant case, provides:

"*Amount of loss adjudicated.*

The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. See § 88. Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss."

Any tortious conduct of the defendants in the instant case culminated in the plaintiffs' injuries, the damages for which have been adjudicated and reduced to judgment. The judgment has been satisfied. The satisfaction extinguished the cause of action. The Restatement sections cited by appellants are in accord with our conclusion.

■■ The only item of damages arising from this accident that has not been adjudicated is possible punitive damages against Fairfield and appellants believe they are entitled to pursue these damages. We cannot agree. In Arizona, punitive damages do not compensate the plaintiff for any loss. *Huggins v. Deinhard*, 127 Ariz. 358, 621 P.2d 45 (App.1980). They are a derivative sort of damages and may only be awarded if the plaintiff has recovered actual damages. *See Gomez v. Dykes*, 89 Ariz. 171, 359 P.2d 760 (1961). The appellants have satisfied the judgment, recovering their actual losses from Ms.Carr. They cannot now sue Fairfield for actual damages, because the satisfaction of judgment has extinguished the cause of action. A lawsuit for punitive damages only may not proceed once the cause of action for actual damages has been extinguished, actual damages being necessary to support punitive damages. *See Jacob v. Miner*, 67 Ariz. 109, 191 P.2d 734 (1948).

Affirmed.

HOWARD, C. J., and BIRDSALL, J., concur.