726 P.2d 224

Francisco G. **QUIROGA** and **Fernanda Quiroga,** husband and wife; **Richard Quiroga,** an unmarried man, Plaintiffs/Appellants,

v.

**ALLSTATE INSURANCE COMPANY,** a corporation; **Joyce Pinkham** and **Harry Pinkham,** wife and husband; **Kent Heintz** and **Joyce Heintz,** husband and wife, Defendants/Appellees.

No. 2 CA–CIV 5532.

Court of Appeals of Arizona, Division 2, Department A.

May 15, 1986.

Review Denied Sept. 30, 1986.

Kerry, Schocket & Dusenberry by Robert A. Kerry, Tucson, for plaintiffs/appellants.

Bilby & Shoenhair, P.C. by David A. Paige and John P. Arnold, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Judge.

Appellants Francisco, Fernanda and Richard Quiroga sued appellee Allstate Insurance Company for breach of fiduciary duty, outrage, racketeering and bad faith breach of contract. They appeal from the summary judgment entered in favor of Allstate after the trial court ruled they had assigned their entire claim to Reynaldo and Martha Munguia. We affirm.

Richard Quiroga, the driver of an automobile, was involved in an accident on April 14, 1981. One of his passengers, Anthony Munguia, died in the accident. Munguia's parents sued the Quirogas. Allstate, the Quirogas' insurer, defended the suit under the policy which provided $300,000 cover-age. After a jury trial in December 1982, the Munguias were awarded $400,000.

In January 1983, the Munguias' attorney submitted the following settlement offer to the Quirogas through the attorney retained by Allstate:

"1. If the Quirogas will prepare and tender to the Munguias an irrevocable assignment of all of their rights against Allstate, its agents, employees and attorneys, for failing to settle this cause within the policy limits; and,

"2. If the Quirogas agree to pay the Munguias only the actual costs incurred ... in the preparation and prosecution of this cause, which costs to January 24, 1983 total $6,008.86, (but this payment is to be made only in the event the 'excess' cause of action which the Quirogas assign to the Munguias is unsuccessful in the trial and/or appeal court or is not settled by agreement of the Munguias and Allstate and its agents;) and,

"3. If the Quirogas and Allstate withdraw in its entirety the Motion for New Trial and/or Remittitur which you have filed in their behalf so that it stands for naught, as though it had never been filed then...."

In exchange the Munguias agreed not to enforce the excess judgment against the Quirogas.

In December 1982, the Quirogas had retained independent counsel. The attorney hired by Allstate had the Munguias' offer hand-delivered to the independent counsel the same day Allstate's attorney received it. He requested that the offer be discussed with the Quirogas.

On February 1, 1983, the Quirogas executed a document which provided in part as follows:

"The Quirogas hereby assign all of their right, title and interest in and to any claim they may have against Allstate Insurance Company for bad faith and/or negligence arising out of Allstate Insurance Company's failure to settle the claim of the Munguias against the Quirogas for a sum within the Quirogas' policy limits prior to a judgment being entered

against the Quirogas in an amount in excess of their policy limits, with full right to sue, prosecute, and collect the proceeds of any such bad faith or negligence claim.

\* \* \* \* \* \*

"The parties acknowledge that they have entered into this agreement upon advice of attorneys of their own choosing and are not relying upon representations made to them by the other parties, by Allstate Insurance Company, or by attorneys employed by Allstate Insurance Company."

In November 1983, the Munguias sued Allstate pursuant to the assignment, alleging breach of contract, negligence and wilful and wanton misconduct. The wilful misconduct count and the allegations with regard to punitive damages in the negligence count were dismissed in February 1984 pursuant to a motion by Allstate. The dismissal was appealed, but the case was settled before the issue was resolved. This suit was filed in November 1984. Allstate paid the Munguias $150,000 to settle their suit against Allstate, and a satisfaction of judgment in the Munguias' suit against the Quirogas was entered in March 1985.

The Quirogas contend that the trial court erred in ruling that they had assigned their entire claim against Allstate to the Munguias. They complain that the ruling is inconsistent with the trial court's ruling in the suit the Munguias filed against Allstate that punitive damage claims cannot be assigned. They assert that the result of the two rulings is that their claim for punitive damages disappeared into a legal "black hole."

The Quirogas' reading of the judgment in this case, however, is not entirely accurate. What the trial court found is "that the Quirogas' claim that was assigned to the Munguias was the entire claim against the defendants with no portion retained by Quirogas." The causes of action attempted to be asserted by the Quirogas in this case are no different than those alleged by the Munguias in their suit. All arise from the same set of facts and the same insurance policy. Merely applying a different label to them does not alter that fact in any way.

The assignment the Quirogas executed clearly states that it includes all their interest in any claim they might have against Allstate arising out of its failure to settle the Munguias' claim within the policy limits. There was no reservation of any rights in the Quirogas. When they assigned all their rights to sue Allstate for bad faith failure to settle, any claim they might have had to punitive damages was then extinguished. There is no such thing as a cause of action simply for punitive damages. Rather, the right to an award of punitive damages must be grounded upon a cause of action for actual damages. *Hall v. Motorists Insurance Corp.*, 109 Ariz. 334, 509 P.2d 604 (1973); *Jacob v. Miner*, 67 Ariz. 109, 191 P.2d 734 (1948). "A lawsuit for punitive damages only may not proceed once the cause of action for actual damages has been extinguished, actual damages being necessary to support punitive damages." *Edmond v. Fairfield Sunrise Village, Inc.*, 132 Ariz. 142 at 144, 644 P.2d 296 at 298 (App.1982). By choosing to assign their right to sue in exchange for being relieved from liability for the excess judgment, the Quirogas also chose to forego any claim they might have had for punitive damages.

The Quirogas contend that the California courts have permitted the splitting of causes of action in such cases. This case, however, is not like that of *Cain v. State Farm Mutual Automobile Insurance Co.*, 47 Cal.App.3d 783, 121 Cal.Rptr. 200 (1975). In that case, the insured and the assignee were permitted to sue the insurer jointly for various damages resulting from its failure to settle because the insured, in the assignment to his judgment creditor, had expressly reserved his cause of action for physical injuries resulting from the failure to settle. Unlike *Cain*, the Quirogas did not reserve any rights in the assignment they executed in this case, nor did they file

suit jointly with the Munguias as was the case in *Cain*.

The Quirogas also complain that, since the only basis upon which the court could rule that neither they nor the Munguias could assert a claim for punitive damages is that the Quirogas waived their claim, the dismissal of their suit was improper because the elements of waiver are not present. We have already disposed of that contention in determining that the claim was extinguished at the time of the assignment. We also note, however, that the Quirogas had been represented by independent counsel for two months prior to their execution of the assignment.

Finally, the Quirogas assert that, at the very least, factual issues exist in the case that preclude entry of summary judgment. We do not agree. There is no factual issue as to whether the causes of action alleged by the Quirogas encompass the same causes of action assigned to the Munguias, nor is there an issue as to the interpretation of the assignment the Quirogas executed.

Since we find no error in the court's ruling, we affirm the summary judgment in favor of Allstate. Appellees will be awarded attorney's fees on appeal as requested upon filing a statement of costs pursuant to Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S. (1985 Supp.), and *Schweiger v. China Doll Restaurant, Inc.,* 138 Ariz. 183, 673 P.2d 927 (App.1983).

HATHAWAY, C.J., and HOWARD, P.J., concur.