Clementine DAY and Antoine Day,
Appellants (Plaintiffs),

v.

Keith DAVIDSON, Appellee (Defendant).

No. 96–266.

Supreme Court of Wyoming.

Dec. 24, 1997.

Robert W. Horn and Vonde M. Smith of Robert W. Horn, P.C., Jackson, for Appellants (Plaintiffs).

Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, for Appellee (Defendant).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The question in this case is the effect to be given a judgment, based on vicarious liability and entered against an employer, following an offer of judgment and acceptance of that offer, in a subsequent action brought against the negligent employee. After accepting an offer of judgment made by Pamida, Inc. (Pamida), which was entered and satisfied, Clementine Day and Antoine Day (Days) brought this action against Keith Davidson (Davidson). The judgment against Pamida was based upon vicarious liability flowing from Davidson's negligent conduct. The trial court ruled that the doctrines of *res judicata* and collateral estoppel served as effective bars to the claims of the Days against Davidson, and it granted a summary judgment in favor of Davidson. We hold that *res judicata* and collateral estoppel are inapposite. We hold, however, that the consent judgment is to be treated the same as a judgment on the merits for purposes of applying the Restatement (Second) of Judgments §§ 50 and 51

(1982). We agree with the disposition of the trial court, albeit on a different ground, and the Order Granting Defendant's Motion for Summary Judgment is affirmed.

In the Brief of Appellant, filed by the Days, the issues are defined as follows:

I. Does a Judgment pursuant to an Offer of Judgment against an entity liable for a loss (Pamida) terminate a claim that the injured parties (Days) may have against another person who may also be liable (Davidson) although the Offer of Judgment does not clearly specify that it releases all liable parties?

II. Does Judgment against one of several persons liable for the same loss does [sic] have a preclusive effect against the remaining liable parties?

III. Where Judgment is entered pursuant to an Offer of Judgment, do the doctrines of res judicata, collateral estoppel and judicial estoppel operate as a bar to a subsequent suit against a different tortfeasor arising out of the same set of facts?

In the Brief of Appellee, presented on behalf of Davidson, the issues are defined as follows:

I. Where the injured plaintiffs have received full payment (satisfaction) of a Judgment against an employer for personal injuries sustained in an accident, are those plaintiffs barred from further recovery against that employer's employee for the same injuries arising out of the same accident?

II. Did the district court properly rule that the doctrines of *res judicata* and collateral estoppel barred the plaintiffs from any recovery in this second lawsuit?

There is no dispute among these parties as to the operative facts. Clementine Day was shopping at the Pamida store in Lander on May 14, 1992. She was waiting in a checkout line when a bookcase, that had been placed on top of an adjacent counter, fell on her causing injuries to her back and neck. Davidson was the Pamida employee who had placed the bookcase on the adjacent custom-

er service counter. The Days sued Pamida on a theory of negligence on November 18, 1993. The Days alleged:

At all times material hereto, the maintenance of the building, as well as the stacking of the shelves was the responsibility of employees of Pamida, Inc. acting with the scope and capacity of their employment.

In the course of that litigation, Pamida presented an Offer of Judgment which stated:

COMES NOW defendant Pamida, Inc., through counsel, and pursuant to Rule 68 of the Wyoming Rules of Civil Procedure hereby offers to allow judgment to be entered against it and in favor of both plaintiffs (jointly but not severally), for the total sum of SEVENTY–FIVE THOUSAND FIVE HUNDRED AND ONE DOLLARS ($75,501.00), together with costs accrued to date.

Subsequently the Days filed an Acceptance of Offer of Judgment, which provided:

COME NOW the plaintiffs, by and through counsel, and pursuant to Rule 68 of the Wyoming Rules of Civil Procedure, hereby gives notice of acceptance and hereby accepts the "Offer of Judgment" dated August 18, 1994 and made on behalf of defendant Pamida, Inc. Said "Offer of Judgment" is attached hereto as Exhibit "A".

The trial court then entered a Judgment in that case, in this language:

The defendant in the above-captioned case having filed and served an "Offer of Judgment" dated August 18, 1994, said offer of judgment being in the amount of "SEVENTY–FIVE THOUSAND FIVE HUNDRED AND ONE DOLLARS ($75,-501.00), together with costs accrued to date", said offer of judgment being more fully incorporated herein by this reference; and the plaintiffs having accepted such judgment, pursuant to Rule 68 W.R.C.P.; and the plaintiffs having filed "Plaintiffs' Certificate of Costs" dated August 31, 1994, and the Court being otherwise advised in the premises,

IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs Clementine

Day and Antoine Day, jointly and severally recover of and from the defendant Pamida, Inc. the sum of $75,501.00 together with costs in this action of $768.10 and interest as provided by law.

Some six months later, the Days filed their Complaint in this case, naming Davidson as a defendant and asserting the same facts as had been relied upon in the action against Pamida. The Complaint alleged that Davidson was negligent in placing the bookcase on the customer service counter and that it fell on Day causing the same injuries. Davidson filed a Motion to Dismiss and/or Motion for Summary Judgment, relying upon *res judicata*, collateral estoppel and judicial estoppel. The district court did not rely upon judicial estoppel, but it granted summary judgment based upon *res judicata* and collateral estoppel. Day appeals from the Order Granting Defendant's Motion for Summary Judgment.

■ The parties vigorously debate the application of our precedent addressing *res judicata*, collateral estoppel and judicial estoppel. Our conclusion, however, is that an employer and an employee are not in privity for the purpose of applying the rules of *res judicata* or collateral estoppel with respect to tort liability. As we have frequently done, we turn to the RESTATEMENTS OF THE LAW to address a novel question in our jurisdiction. *E.g., Bigley v. Craven*, 769 P.2d 892 (Wyo. 1989); *Toltec Watershed Imp. Dist. v. Johnston*, 717 P.2d 808 (Wyo.1986); *Cervelli v. Graves*, 661 P.2d 1032 (Wyo.1983); *Distad v. Cubin*, 633 P.2d 167 (Wyo.1981); *Chrysler Corp. v. Todorovich*, 580 P.2d 1123 (Wyo. 1978); *Meredith GMC, Inc. v. Garner*, 78 Wyo. 396, 328 P.2d 371 (Wyo.1958), and cases cited in those opinions.

■ In their brief, Days point to the RESTATEMENT (SECOND) OF JUDGMENTS § 49, "A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefore." Davidson prefers the application of RESTATEMENT (SECOND) OF JUDGMENTS §§ 50 and 51. Those sections provide:

### § 50. Discharge of Judgment Against One of Several Co-Obligors

When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:

(1) A satisfaction or release of the judgment, or covenant not to execute upon it, or other agreement terminating in whole or in part the judgment debtor's obligation, does not discharge the liability of any of the other persons liable for the loss, except:

(a) To the extent that the agreement may so provide; and

(b) To the extent required by the law of suretyship.

(2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

### § 51. Persons Having a Relationship in Which One Is Vicariously Responsible for the Conduct of the Other

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

(2) A judgment in favor of the injured person is conclusive upon him as to the amount of his damages, unless:

(a) There were limitations on the competence of the forum in the first

action preventing him from obtaining the full measure of his damages, as stated in § 26(1)(c), or he exercised the option stated in § 26(1)(e) to divide his claim; or

(b) Different rules govern the measure of damages in the two actions.

(3) If the action is brought against the primary obligor and judgment is against the injured person, it extinguishes the claim against the person vicariously responsible if under applicable law the latter is an indemnitor whose liability arises only when the primary obligor is found liable to the injured person.

(4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action except:

(a) In the circumstances stated in Subsection (3); and

(b) To the extent stated in § 50.

■ In this instance, we are disposed to follow the rules articulated in the RESTATEMENT (SECOND) OF JUDGMENTS with the exception of the application of that rule set forth in RESTATEMENT (SECOND) OF JUDGMENTS § 51(4):

(4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action except:

(a) In the circumstances stated in Subsection (3); and

(b) To the extent stated in § 50.

It is clear that this provision in the RESTATEMENT (SECOND) OF JUDGMENTS is premised upon the application of the contract theory of consent judgments. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. e. On this score, we prefer the view that even though a judgment is taken pursuant to the consent of the defendant, the judgment is to be treated the same as any other judgment, such as one entered after an adjudication on the merits.

■ Conflicting policy justifications exist for adoption of the contract theory with respect to consent judgments and what we denominate the "judgment" theory. We are persuaded, however, that a judgment, even though entered pursuant to an agreement of the parties, has all the authority of any other judgment. *American Colloid Co. v. Hodel,* 701 F.Supp. 1537 (D.Wyo.1988). "A consent decree [judgment] * * * is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees." *Rufo v. Inmates of Suffolk County Jail,* 502 U.S. 367, 378, 112 S.Ct. 748, 757, 116 L.Ed.2d 867, 883 (1992), *followed by, Satsky v. Paramount Communications, Inc.,* 7 F.3d 1464, 1468 (10th Cir.1993). Consequently, the effects of that judgment should not be any different. We specifically acknowledge that if pursuant to Rule 68 of the Wyoming Rules of Civil Procedure, known at the time of the operative facts in this case as an offer of judgment, the parties achieve an offer and acceptance which is filed with the court for the purpose of entry of judgment, those parties can, if the court is willing, address and agree upon the effect to be given to the judgment that is entered. If, as in this instance, that does not occur, then we hold the judgment must be treated as a judgment on the merits.

■ With respect to a judgment on the merits entered against an employer who is liable only because of vicarious liability, the RESTATEMENT (SECOND) OF JUDGMENTS § 51 provides:

(2) A judgment in favor of the injured person is conclusive upon him as to the amount of his damages, unless:

(a) There were limitations on the competence of the forum in the first action preventing him from obtaining the full measure of his damages, as stated in § 26(1)(e) to divide his claim; or

(b) Different rules govern the measure of damages in the two actions.

Neither of these exceptions is applicable in this instance. We turn then to the application of RESTATEMENT (SECOND) OF JUDGMENTS § 50 which provides:

When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based: * * *

**(2)** Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

The application of the RESTATEMENT (SECOND) OF JUDGMENTS to an instance such as this resembles judicial estoppel although the RESTATEMENT (SECOND) OF JUDGMENTS does not rely upon that doctrine.

When read together, the pertinent provisions of RESTATEMENT (SECOND) OF JUDGMENTS §§ 50 and 51 in this instance provide the amount of damages obtained by the Days in the suit against Pamida, Inc. is the limit on the damages that may be claimed against Davidson, and Davidson is to be credited with that amount as to any judgment entered against him. Since it is apparent that in applying this rule the Days could recover no additional monies from Davidson, we agree with the decision of the district court to enter summary judgment in favor of Davidson.

The Order Granting Defendant's Motion For Summary Judgment is affirmed.