2010 WY 40

Tracey FUENTES, individually; and NF, a minor child, by and through her next best friend, parent and guardian, Tracey Fuentes, Appellants (Plaintiffs),

v.

Margred JEDNAT; Paul Jednat; and James Lewis, Appellees (Defendants).

No. S–09–0009.

Supreme Court of Wyoming.

April 2, 2010.

Representing Appellants: William R. Fix and Jenna V. Mandraccia of William R. Fix, P.C., Jackson, Wyoming. Argument by Mr. Fix.

Representing Appellees: Katherine L. Mead and Bradford S. Mead of Mead & Mead, Jackson, Wyoming for Margred and Paul Jednat; and Laurence W. Stinson of Bonner Stinson, P.C., Cody, Wyoming for James Lewis. Argument by Messrs. Mead and Stinson.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] While they were driving in downtown Jackson, Appellants Tracey Fuentes (Ms. Fuentes) and her daughter were rear-ended by a drunk, eighteen-year-old Jonathan Jednat (Jonathan). Ms. Fuentes recovered compensatory and punitive damages in a separate action against Jonathan, although that jury awarded zero damages in favor of her daughter. Ms. Fuentes then filed this

suit against Jonathan's parents, Paul and Margred Jednat (Jednats), and his uncle James Lewis (Lewis) asserting liability as to each of them individually. The district court granted the Jednats' motion for summary judgment and dismissed Lewis from the case after he filed an affidavit of non-involvement. Ms. Fuentes challenges those rulings. We will affirm the district court.

## ISSUES

[¶ 2] Ms. Fuentes lists her issues as follows:

I. The lower court erred in granting summary judgment in favor of the defendants/appellees Margred and Paul Jednat.

II. The lower court erred in granting the affidavit of non-involvement in favor of the defendant/appellee James Lewis.

The Jednats frame the issues this way:

1. Can [Ms. Fuentes and her daughter], who obtained a jury verdict for damages which have been paid, sue another party for the same damages?

2. Can [Ms. Fuentes' and her daughter's] claims for punitive damages proceed without actual or compensatory damages?

Lewis states the issue, as related to him:

Did the District Court err when it dismissed without prejudice Appellee Jim Lewis pursuant to his Affidavit of Non–Involvement once all parties agreed that Lewis did not own or loan the vehicle alleged to be negligently entrusted at the time of the car accident involving [Ms. Fuentes and her daughter]?

## FACTS

[¶ 3] After experiencing some personal and legal trouble in his home state of Pennsylvania, eighteen-year-old Jonathan was sent by his parents to Jackson, Wyoming, to "change his life." [1] His uncle, James Lewis, lived in Jackson and offered Jonathan a place to live.

[¶ 4] After Jonathan arrived in Jackson, Lewis gave the Jednats a 1996 Chevrolet Tahoe. The vehicle was licensed and registered in the state of Pennsylvania under Margred Jednat's name. The Jednats also maintained the insurance on the vehicle, but the vehicle remained in Wyoming for their son to drive.

[¶ 5] On December 9, 2005, Jonathan was driving the Tahoe, while drunk, and rear-ended Ms. Fuentes and her three-year-old daughter. Ms. Fuentes suffered injuries from the accident, and subsequently sued Jonathan, asking for both punitive and compensatory damages on behalf of herself and her daughter. After a trial, Ms. Fuentes was awarded $163,800.00 in compensatory damages and $50,000.00 in punitive damages, but her daughter was awarded nothing.

[¶ 6] Ms. Fuentes and her daughter, then sued the Jednats and Lewis. Ms. Fuentes sought relief upon a theory of negligent entrustment but essentially requested the same damages she sought (and received) from Jonathan.

[¶ 7] Lewis filed an Affidavit of Non–Involvement pursuant to Wyo. Stat. Ann. § 1–1–117 (LexisNexis 2009) and was dismissed from the case. The Jednats filed a Motion for Summary Judgment which was granted by the district court. [2]

[¶ 8] This appeal followed.

## STANDARD OF REVIEW

[¶ 9] When reviewing an order granting summary judgment,

We evaluate the propriety of a summary judgment by employing the same standards and using the same materials as the district court. *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 11, 126 P.3d 886, 889 (Wyo.2006). Thus, our review is plenary. *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 7, 75 P.3d 640, 647 (Wyo. 2003).

Wyo.R.Civ.P. 56 governs summary judgments. A summary judgment is appropri-

---

1. Jonathan apparently had a lengthy history of drug and alcohol abuse.

2. Prior to filing their Motion for Summary Judgment, the Jednats filed a Motion to Dismiss pursuant to W.R.C.P. 12(b)(6), which the district court denied.

ate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c). When reviewing a summary judgment, we consider the record in the perspective most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. We review questions of law de novo without giving any deference to the district court's determinations.

*Collings v. Lords,* 2009 WY 135, ¶ 5, 218 P.3d 654, 655–656 (Wyo.2009).

## DISCUSSION

[¶ 10]   Ms. Fuentes argues on appeal that her claim against Jonathan's relatives is a **new** claim, not simply a renewal of the case against Jonathan. Specifically, Ms. Fuentes asserts a theory of negligent entrustment, not just negligence, and argues that because negligent entrustment is a different kind of breach of the duty of reasonable care than is driving while under the influence, the damages claimed are different. In response, the Jednats argue that Ms. Fuentes and her daughter have recovered their damages once and they cannot recover them again.

[¶ 11]   On appeal, this Court must look at whether or not there are any genuine issues of material fact warranting reversal. To do so, we look to see if the materials and law presented by the Jednats in support of the motion for summary judgment established that there were no such issues. Fuentes argues that the Jednats and Lewis knew, or should have known, that Jonathan would operate the vehicle in a negligent manner that would endanger other drivers, and that his negligence, combined with the Jednats' and Lewis's negligent entrustment, were the proximate cause of the injuries. Moreover, Fuentes argues that the resolution of this case on summary judgment motion was improper.

■   [¶ 12]   Because we are reviewing this case under the standard used for summary judgments, and because the district court did not give any explanation in its order granting the motion for summary judgment, we look to the parties' motions, reviewing the facts from the perspective most favorable to the party opposing the motion and reviewing the law *de novo.* First, we focus our attention upon the law relative to this case. The parties' arguments focus on a case formerly before us. In *Day v. Davidson,* 951 P.2d 378 (Wyo.1997), the plaintiff brought suit against a store employee after having accepted an offer of judgment from the store, which judgment had been satisfied. The trial court ruled that the doctrines of *res judicata* and collateral estoppel barred the victim's claims, and granted summary judgment to the employee. The plaintiff appealed, and this Court held that the store and its employee were not in privity for purposes of *res judicata,* thus it did not apply. However, this Court affirmed the district court and said the damages obtained by the plaintiff against the store was the limit that she could claim, and that the employee was to be credited with that amount as to any judgment entered against him. Under this rule, the plaintiff could recover no additional monies from the employer and, therefore, summary judgment was proper. In *Day,* this Court decided that preclusion is not an issue simply limited to the doctrines of *res judicata* and collateral estoppel and found the Restatement (Second) of Judgments helpful on this issue. We stated in *Day:*

> The application of the RESTATEMENT (SECOND) OF JUDGMENTS to an instance such as this resembles judicial estoppel although the RESTATEMENT (SECOND) OF JUDGMENTS does not rely upon that doctrine.
>
> When read together, the pertinent provisions of RESTATEMENT (SECOND) OF JUDGMENTS §§ 50 and 51 in this instance provide the amount of damages obtained by the Days in the suit against Pamida, Inc. is the limit on the damages that may be claimed against Davidson, and Davidson is to be credited with that amount as to any judgment entered against him. Since it is apparent that in applying this rule the Days could recover no additional monies from Davidson, we agree with the decision of the district court

to enter summary judgment in favor of Davidson.

*Id.,* 951 P.2d at 383.

[¶ 13]  Another case cited by the Jednats in support of this issue is from the Arizona Court of Appeals.  It involves a very similar factual situation.  In *Edmond v. Fairfield Sunrise Village,* 132 Ariz. 142, 644 P.2d 296 (Ct.App.1982), the victims/plaintiffs sued a driver after the car he was driving hit theirs.  The victims were awarded a judgment, which was satisfied.  However, the victims later filed an action against the owner of the vehicle involved in that same accident, alleging negligent entrustment and seeking compensatory and punitive damages.  The owners moved for summary judgment on the basis of the satisfaction of judgment against the driver, and the trial court granted the motion.  On appeal, the court of appeals affirmed, holding that the victims' claim against the owners had been extinguished by the satisfaction of their judgment against the driver.  The court stated:

> Any tortious conduct of the defendants in the instant case culminated in the plaintiffs' injuries, the damages for which have been adjudicated and reduced to judgment.  The judgment has been satisfied.  The satisfaction extinguished the cause of action.  The Restatement sections cited by appellants are in accord with our conclusion.

*Id.,* 644 P.2d at 298.

[¶ 14]  In analyzing the *Edmond* case, the Arizona court looked to both the Restatement (Second) of Torts and the Restatement (Second) of Judgments, as did this Court in *Day.*  There, we found the Restatement (Second) of Judgments (1982) particularly helpful, affirming the lower court based on the principals in §§ 50–51.  Section 50 provides as follows:

§ 50  Discharge of Judgment Against One of Several Co-Obligors

When a judgment has been rendered against one of several persons each of whom is liable for a loss claimed in the action on which the judgment is based:

(1) A satisfaction or release of the judgment, or covenant not to execute upon it, or other agreement terminating in whole or in part the judgment debtor's obligation, does not discharge the liability of any of the other persons liable for the loss, except:

(a) To the extent that the agreement may so provide;  and

(b) To the extend required by the law of suretyship.

(2) Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss.

Section 51 reads as follows:

§ 51.  Persons Having a Relationship in Which One Is Vicariously Responsible for the Conduct of the Other

If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.

(1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:

(a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action;  or

(b) The judgment in the first action was based on a defense that was personal to the defendant in the first action.

(2) A judgment in favor of the injured person is conclusive upon him as to the amount of his damages, unless:

(a) There were limitations on the competence of the forum in the first action preventing him from obtaining the full measure of his damages, as stated in § 26(1)(c), or he exercised the option stated in § 26(1)(e) to divide his claim;  or

(b) Different rules govern the measure of damages in the two actions.

(3) If the action is brought against the primary obligor and judgment is against the injured person, it extinguishes the claim against the person vicariously responsible if under applicable law the latter is an indemnitor whose liability arises only when the primary obligor is found liable to the injured person.

(4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action except:

(a) In the circumstances stated in Subsection (3); and

(b) To the extent stated in § 50.

[¶ 15] As to each of these restatements, we stated in *Day:*

When read together, the pertinent provisions of Restatement (Second) of Judgments §§ 50 and 51 in this instance provide the amount of damages obtained by the Days in the suit against Pamida, Inc. is the limit on the damages that may be claimed against Davidson, and Davidson is to be credited with that amount as to any judgment entered against him. Since it is apparent that in applying this rule the Days could recover no additional monies from Davidson, we agree with the decision of the district court to enter summary judgment in favor of Davidson.

*Id.,* 951 P.2d at 383.

[¶ 16] Section 886 of the Restatement (Second) of Torts (1979) addresses this point:

**§ 886 Satisfaction of a Judgment Against One of Several Tortfeasors**

The discharge of a judgment against one of several tortfeasors each of whom is liable for a single harm is treated like a release or covenant not to sue given to one of several tortfeasors for a claim not reduced to judgment.

[¶ 17] The Arizona court thought Comment b to § 886 was particularly applicable in *Edmond:*

If the adjudication of the loss has the effect of delimiting the injured party's entitlement to redress on the ground that the actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages ques-

tion (see Restatement Second, Judgments § 88 (Tent. Draft)), a payment in full of the judgment has the effect of satisfying in full the injured party's claim against any of the tortfeasors and there is no longer an enforceable claim. (See Restatement Second of Judgments, § 95, Comment d (Tent. Draft)).

*Id.,* 644 P.2d at 297.

[¶ 18] Section 95 of the tentative draft of the Restatement (Second) of Judgments became § 50, the application of which the Jednats urge in the instant case. Comment d to § 50 is helpful in analyzing the instant case:

The rule that payment of a loss, in whole or in part, by one of several obligors reduces the amount that may be obtained from other obligors also applies when the amount of the loss has been adjudicated. The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from actual litigation of the issue of damages results in the injured person's being precluded from relitigating the damages question. . . . Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss.

Restatement (Second) of Judgments, *supra* § 50, cmt. d. See also, Dan B. Dobbs, *The Law of Torts* § 388 at 1082 (2000) ("When a defendant fully pays a judgment for all of the plaintiff's damages, the plaintiff's claim is satisfied and he has no further claim for the same injury."). See also *Gonzales v. Hernandez,* 175 F.3d 1202, 1205–1206 (10th Cir. 1999) ("[A] final judgment against a plaintiff extinguishes all rights to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.").

[¶ 19] Before we close our analysis, we note that in 1986, the Wyoming legislature abolished joint and several liability by amending Wyo. Stat. Ann. § 1–1–109 to pro-

vide that a party at fault be required to pay for his proportionate share of the fault. 1986 Wyo. Sess. Laws ch. 24, § 1; *Haderlie v. Sondgeroth,* 866 P.2d 703, 708 (Wyo.1993). The adoption of comparative fault mandates that the trier of fact determine issues of proximate cause and allocate liability accordingly. In a comparative fault case, the jury must consider the negligence of not only the parties but also all the participants in the transaction producing the injuries sued upon. *Board of County Comm'rs v. Ridenour,* 623 P.2d 1174, 1191 (Wyo.1981). Counter to that principle, Ms. Fuentes argues that Wyoming law allows her to sue multiple defendants in serial actions for her damages arising from the accident. She thus contends that she has not been made whole through her prior litigation against Jonathan, and seeks to assert an independent claim against his relatives for their alleged culpability.

[¶ 20] We reject Ms. Fuentes' position. In her action against Jonathan, she presented evidence on all of her injuries and her daughter's injuries, and damages resulting from the accident. The jury determined those damages and returned a verdict in her favor. Ms. Fuentes fails to establish how the damages caused by the Jednats' and Lewis's alleged fault differ from the damages resulting from Jonathan's fault.

[¶ 21] When a judgment includes a determination of the entirety of recoverable damages suffered by the plaintiff for an indivisible injury and provides for their recovery by the plaintiff against one or more of the defendants, payment of the full amount of recoverable damages constitutes a satisfaction of the plaintiff's rights against all tortfeasors legally responsible for the plaintiff's indivisible injury. *Bridgestone/Firestone N. Am. Tire, L.L.C., v. Naranjo,* 206 Ariz. 447, ¶ 19, 79 P.3d 1206, 1211 (Ariz.Ct.App.2003).

As comment c to that section points out: "When a plaintiff obtains a judgment for all recoverable damages, discharge of the judgment bars any further action against other potential tortfeasors.... By obtaining the full amount of recoverable damages, the plaintiff's legal rights are satisfied, and the plaintiff may not pursue any others for further recovery." This

"merely reflects the well-established and commonsense rule that plaintiffs may only obtain one recovery of their damages." Restatement (Third) of Torts § 25, Reporter's Note, cmt. c; *see also* Restatement (Second) of Judgments § 50 cmt. d (1982) ("When a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforcible [sic] claim against any other obligor who is responsible for the same loss.").

*Id.,* ¶ 14, 79 P.3d at 1209–1210.

[¶ 22] We find these principles applicable here. Ms. Fuentes had her day in court. The jury in her case against Jonathan awarded her damages, and she was thus made "whole." The trial court properly granted summary judgment in favor of the Jednats based upon the satisfaction of judgment in Fuentes' case against their son, Jonathan. Applying the above legal principles to the instant claims, we are in agreement with the Jednats that the previous action was "based on actual litigation of the measure of a loss." *Day,* 951 P.2d at 383. Any tortious conduct of the Jednats that culminated in Ms. Fuentes' injuries, the damages for which have been adjudicated and reduced to judgment, have been fully satisfied. Neither Ms. Fuentes nor her daughter has a claim against the Jednats, or any other possible defendant in this case, including Lewis. She collected all of the damages available to her in her claim against Jonathan Jednat.

## CONCLUSION

[¶ 23] Finding no genuine issue of material fact and that the Jednats and Lewis were entitled to judgment as a matter of law, we affirm. Neither Ms. Fuentes nor her daughter has a claim against the Jednats, or any other possible defendant in this case, including Lewis.